·362 WALTER *v.* KLOCK *et al.* [Sept. T.,

Syllabus. Statement of the case.

# ELLEN WALTER

## *v.*

## CLARISSA KLOCK *et al.*

1. TRUST *in respect to lands—by parol—statute of frauds.* Where a purchaser of lands under a decree of foreclosure of a mortgage, took the title in his own name, and gave his note for the purchase money, it was *held*, an express trust could not arise in favor of one who held the equity of redemption, on a parol agreement between the latter and the purchaser, made at the time or prior to the sale, that the purchaser should make the purchase and hold the title for the benefit of, and in trust for, such owner of the equity of redemption, and as a security for the advances made by the purchaser. Such a trust, resting merely in parol, is within the statute of frauds.

2. No subsequent arrangement, made after the purchase, nor any parol agreement existing before, nor parol declaration at the time that a purchase is made, for the benefit of some other person, will raise a trust in favor of the latter, in the absence of any other fraud than that which arises from the violation of the purchaser's parol promise, where he takes the title in his own name, and pays the consideration out of his own funds.

3. RESULTING TRUST—*whether it arises.* Nor was there a resulting trust in the case of the purchase under the foreclosure, because that can only arise when the consideration, or some aliquot part thereof, was furnished by the party in whose favor the trust is claimed, as a part of the original transaction.

4. After the legal title has vested, and there is no proof of fraud, a result·ing trust can not be raised in favor of a third party, who may pay the unpaid purchase money; and where the purchaser gives his note for the purchase price, that is equivalent to the payment of the money.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Chief Justice, presiding.

This was a suit in chancery, instituted in the court below, by Ellen Walter, to enforce the execution of an alleged trust. The complainant was the owner of the premises in controversy, subject to two mortgages, one to Joseph Peacock, for $2700, and the other to David Sears, Jr. which was assigned to the

city of Chicago, for $3300.   The remaining facts are presented in the opinion of the court.

Mr. GRANT GOODRICH and Mr. SIDNEY SMITH, for the appellant.

Messrs. MILLER, VANARMAN & LEWIS, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

In 1866, upon a bill brought to foreclose a mortgage on the premises in controversy, wherein Joseph Peacock was complainant, and James H. Cochrane, Philander Hickox, Ellen Walter and the city of Chicago, were defendants, a decree was rendered ordering a sale.   In compliance with the decree a sale was had, and Duncan McCollum was the purchaser, for $6000, the amount of the mortgages.   He received a deed and had it recorded.

McCollum died February 28, 1867, having, before his death, executed the following paper:

"Having purchased and become sole owner, title fully invested in me, to following described property, to-wit: the east half of the west half of lot 1,(one,) block 28, (twenty-eight,) original town of Chicago.   Now, in consideration of ten dollars, to me in hand paid, and in consideration of $6000, to be hereafter paid, as herein mentioned, I now sell, and agree to deliver deed of said above described property, to. Solon Nickerson, or assignee, on their payment to me, within thirty days, of $3300, and remaining $2700 in sixty days from date hereof.   My deed to be a special warranty, calling for no other title than such as I procured at master's sale, May 8, 1866.   Signed this fourteenth day of October, 1866. .

"D. McCollum."

The property. described therein is the same purchased by McCollum at the sale, and now in contest.

364      WALTER *v.* KLOCK *et al.*      [Sept. T.,

Opinion of the Court.

Mrs. Walter filed this bill against Peacock and the widow and heirs of McCollum, and prayed for a conveyance. Pending the suit, Mrs. McCollum married one Klock, and hence her name as it now appears in the record.

The bill avers that at the time of foreclosure, the complainant was the owner of the equity of redemption; that McCollum and Peacock executed their joint note for $3300, which was discounted at bank, and out of the proceeds the mortgage held by the city was paid; that Peacock took up the note when due, and that McCollum paid no part of the $6000, except $700, which he received from the rents of the property.

It was further averred that McCollum purchased at the request of complainant, with the understanding that he should take the title in trust for her, and hold it as security for any sum he might advance.

Peacock was paid between $6000 and $7000 by complainant.

The statute of frauds was interposed as a defense, and the court below dismissed the bill.

There is no dispute of the facts that McCollum purchased the property at open sale; a deed was executed to him, which was duly recorded; he, as principal, and Peacock, as security, gave a note for $3300, which was discounted, and the proceeds applied towards the satisfaction of the decree; that he received the rents, and had an agent superintending the property for him; and that six months after the sale, with the knowledge and approbation, and by the direction of complainant's agent and brother, he executed the writing to Nickerson, claiming the sole ownership of the property, and agreeing to sell and convey the same upon the payment of $6000.

Can the title, thus acquired and acknowledged, be set aside by parol proof? Can his heirs be divested of title without the payment of the money stipulated in the written agreement?

If Peacock has paid the note, or if any part of the purchase money is still due to him, the estate of McCollum is liable therefor. The note was never surrendered to McCollum in his life time, or to his personal representatives since his death.

Hence, upon the facts presented, it would be the most glaring fraud to deprive his heirs of both money and property.

Appellant claims that McCollum was her agent; purchased for her benefit; and that it would operate as a fraud upon her to permit his heirs to enjoy the purchase, which should enure to her; and that the statute of frauds has no application.

The parol proof is, that McCollum purchased by request, and for the benefit of, Mrs. Walter. She paid nothing at the time. He involved himself to the amount of $6000. He perpetrated no fraud upon her; he sustained no fiduciary relation to her, by means of which he acquired the title. The evident intention was that McCollum should buy the property, and the title should be perfected in him. But what was his offence? If any, nothing more than the breach of his parol promise. In *Perry* v. *McHenry*, 13 Ill. 227, this court held that "no subsequent arrangement, made after the purchase, nor any parol agreement existing before, nor parol declaration at the time that a purchase is made for the benefit of some other person, will raise a trust in such other person's favor, in the absence of any other fraud than that which arises from the violation of the purchaser's parol promise, where he takes the title in his own name, and pays the consideration out of his own funds." In this case the title was taken in the name of McCollum; he promised to pay the money, and executed his note, which is still outstanding against his estate.

The cases of *Switzer* v. *Skiles*, 3 Gilm. 529, *Dennis* v. *McCagg*, 32 Ill. 429, and *Reigard* v. *McNeil*, 38 Ill. 400, are not in point. If this bill had been filed for the purpose of compelling a conveyance under the contract with Nickerson, and had tendered the $6000, there would have been some analogy. Instead of this, the money is paid to Peacock, who clings to McCollum's note. He is dead, but his children should be protected from this apparent attempt to hold them responsible for the debt, after the consideration has been taken from them.

Was there a resulting trust? We think not. This can only arise when the consideration, or some aliquot part thereof, was

furnished as a part of the original transaction.   After the legal title has vested, and there is no proof of fraud, a resulting trust cannot be raised in favor of a third party, who may pay the unpaid purchase money.   McCollum, at the time of or soon after the sale, did what was equivalent to the payment of money. The complainant, at the time of the purchase, supplied no portion of the funds.   *Alexander* v. *Tams*, 13 Ill. 223; *Perry* v. *McHenry*, ib. 227; *Botsford* v. *Burr*, 2 Johns. Ch. 405.

The alleged trust is clearly within the language of the statute of frauds.   In Hill on Trustees, p. 151, it is said, " where a person, by means of his promises, or otherwise by his general conduct, prevents the execution of a deed or will in favor of a third party, with a view to his own benefit, that is clearly within the first head of frauds, as distinguished by Lord HARDWICKE, viz: that arising from facts or circumstances of imposition; and the person so acting will be decreed to be a trustee for the injured party to the extent of the interest of which he has thus been defrauded."

The proof must show that the person sought to be established trustee by parol, was guilty of some fraud or imposition, which procured the deed, or prevented the accomplishment of the object in some other mode.   The mere refusal to comply with a parol agreement does not constitute such fraud.   1 Story Eq. Jur. sec. 256; *Lantry* v. *Lantry*, 51 Ill. 458.

In this case there is no proof, whatever, that McCollum uttered a word to influence the complainant, or that by his conduct he improperly procured the conveyance to himself.

The decree of the superior court is affirmed.

*Decree affirmed*


In this opinion Justices BREESE, SCOTT and SHELDON do not concur.