## WILLIAM T. HEWITT

### v.

## YOUNG B. CLARK.

91  605|
35a 356|
| 91  605|
155  217
91  605|
,174 265|
91   605
114a  ᵇ630

1. NOTICE — *of unrecorded deed.* Where a subsequent purchaser was informed by his grantor that he had made a prior deed to the same land, but the trade was broken off and the deed had not been delivered, and the purchaser and grantor then went to the recorder's office and inquired if such prior deed had been left for record, and finding it had not, then went to a notary's office and inquired to see the papers between the grantor and the prior grantee, and was shown what he took to be a deed, this was held conclusive notice to him of the prior unrecorded deed.

2. FRAUD—*in procuring deed does not render it void.* A deed for land, though procured by fraud, is not void, but voidable only. Until set aside by the action of the parties, or a decree in chancery, it will pass the legal title to the grantee.

3. DEED—*delivery.* Where a party acknowledges before a proper officer the execution and delivery of a deed made by him, and allows the officer to hand the same to the grantee without objection, this will amount to a delivery.

4. EVIDENCE—*question assuming a fact.* In an action of ejectment, where the question was whether a deed relied upon by one of the parties had ever been delivered, it was held to be error to allow a witness to be asked the question as to what agreement was made about the delivery of the deed, without first showing there was some agreement made on the subject.

5. SAME—*mode of proving agreement by parol.* The safe and proper way of proving an agreement by parol is, to require the witness to state what was said, if anything, by either of the parties in the presence of the other on the subject. If the witness can not give the words of the parties, he may state the substance of what was said, but he ought not to be allowed to substitute his inferences from what was said, or his understanding.

APPEAL from the Circuit Court of Christian county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. W. M. PROVINE, and Messrs. JOHN M. & JOHN MAYO PALMER, for the appellant.

Messrs. McCASKILL & BRO. and Mr. JOHN B. JONES, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action of ejectment, by Hewitt against Clark. The land in controversy was the property of Rice. Hewitt derives title from Rice through a deed dated August 25, 1874, filed for record August 31, 1874; Clark claims title from Rice by a deed dated August 28, 1874, and filed for record on the same day.

It is claimed by appellee, that appellant's deed was never delivered; that it was procured from Rice by fraud and circumvention; and that appellee, at the time of his purchase, had no notice of appellant's title.

Appellee himself testifies, that, on the day he received his deed, and before it was made, he and Rice went to the recorder's office, and appellee inquired if Hewitt had filed for record a deed to him from Rice; that finding no such record, they went to the office of Mr. Taylor, a notary public, and appellee asked Taylor to show him the papers between Hewitt and Rice, and that he there saw what he took to be the deed from Rice to Hewitt. He further says, that Rice told him, before they went to the recorder's office, that deeds had been made between him and Hewitt; that he had made a deed for this land to Hewitt, and that the deeds were left in Taylor's office and that the trade had been broken off. This is conclusive as to notice to Clark of whatever Hewitt's rights under this deed may be. Having bought with information that the deed to Hewitt had been made, even if he supposed that the trade was broken off he took the risk when he acted on the faith of Rice's statement.

As to the charge of fraud, it is of such character as at most to render Rice's deed to Hewitt voidable. The deed could not be held void upon that ground. Until set aside by the action of the parties or a decree in chancery, this deed was adequate to pass the title to Hewitt.

But it is insisted, Hewitt's deed was not delivered by Rice. Goodrich testifies that he drew the deed in question, and a

deed from Hewitt to Rice for another tract of land.    This was done at the request of Rice and Hewitt.    The parties then took these deeds away for the avowed purpose of having them acknowledged before Taylor, the notary; and that in about half an hour Hewitt returned with the deed in question in his possession, duly certified as acknowledged, and the same was then left with the witness by Hewitt.

Taylor, the notary, testifies, that when the deed in question was acknowledged by Rice, and after the certificate of acknowledgment was made, the deed was at once given to Hewitt in the presence of Rice, and Hewitt put it in his pocket and took it away.

To countervail this as to the fact of delivery, we have the testimony of Rice, who says: "It was *my* understanding that both deeds were to be left in Taylor's office until Mrs. Hewitt should come in and sign and acknowledge his (Hewitt's) deed to me; then we were to meet there and I was to deliver my deed to Hewitt, and he was to deliver his deed to me." Rice also says, "I never delivered it, (the deed,) and never authorized Taylor to deliver it." He states no fact warranting the understanding he had on this subject, and when he says he never delivered the deed, he evidently means to deny that with his own hands he gave the deed to Hewitt, and to deny that he gave any express authority to Taylor to do so. He does not deny that he supposed Hewitt had, in fact, taken the deed away at the time of the acknowledgment, and from his own testimony he seems to show that he did so suppose, for Clark, evidently acting upon information from Rice, had an idea the deed might have been filed for record, and hence the first place they looked for this deed was in the recorder's office.

Bowman, who was present when the deeds were acknowledged, testifies to *his understanding* that both deeds were to be left, for the time being, at Taylor's office, but he states no fact as a ground for such understanding, except that Hewitt and Rice

as they were leaving Taylor's office, talked about "the time when they would come in to exchange deeds."

This is all the proof offered to countervail the fact that Rice acknowledged to Taylor that he had executed and *delivered* this deed to Hewitt, and the fact that Hewitt immediately took possession of it in the presence of Rice and with the knowledge of the officer, and carried it away, and half an hour later left it with Goodrich.

The weight of the evidence is so plainly in favor of the allegation of delivery, that the verdict ought to have been at once set aside.

It was error to allow a witness, against the objection of plaintiff, to be asked the question as to what agreement was made about the delivery of the deeds, until it was first shown that there was some agreement made by Hewitt on that subject. The safe mode of proving an agreement by parol is, to require the witness to state what was said, if anything, by either of the parties in the presence of the other on the subject. If a witness can not give the words of the parties, he may, undoubtedly, be permitted to state the substance of what was said. He ought not, however, to be allowed to substitute his inference from what was said or his understanding. To permit a witness, in answer to such a question, to say " it was my understanding," etc., is erroneous.

The proof of the relative value of the two tracts of land was not pertinent to the issue, and tended to mislead the jury.

The judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*