CARL DOBBERSTEIN v. ELIZABETH MURPHY.[1]

February 6, 1896.

Nos. 9836—(249).

**Dower—Assignment before Admeasurement.**

A consummate right of dower, although still unmeasured, is assignable; and, under the Code, the assignee may maintain an action in his own name for its admeasurement.

**Same—Rights of Assignee—Subsequent Admeasurement.**

The rights of the assignee are not affected by the fact that the probate court subsequently assigns the dower to the widow.

**Same.**

In such case she becomes the trustee of the bare legal title for the benefit of her assignees.

**Quitclaim by Widow.**

A quitclaim deed of land by a widow construed as operating as an assignment of her dower therein.

**Same—Judgment Lien.**

Also, that the rights of the assignees, the deed being of record, are paramount to the lien of a subsequent judgment against the widow.

Action in the district court for Waseca county. The case was submitted upon an agreed statement of facts, from which the court, Buckham, J., found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. A. Sawyer*, for appellant.

*P. McGovern*, for respondent.

MITCHELL, J. In 1870 John Murphy died intestate, seised in fee of a quarter section of land, and leaving, surviving him, his widow, Catherine, and his children, John H., James, Elizabeth, Mary, and Margaret, his only heirs. In 1872, no probate proceedings having been had to administer the estate, and the widow's dower being still unassigned and unmeasured, she executed to her daughters, Elizabeth, Mary, and Margaret, three of the heirs, a quitclaim deed in terms conveying to them all her interest in the land. This deed was recorded. In 1885 proceedings were had in the probate court

[1] Reported in 66 N. W. 204.

by which dower was assigned to the widow, to wit, a life estate in the north 13⅓ acres of the south 40 acres of the quarter section and in an undivided one-third of the remainder of the land. The court also assigned to John H. said south 40 acres subject to said dower, and to the other four heirs, in common, the remaining 120 acres, subject also to said dower. Thereafter James, Mary, and Margaret executed deeds to the defendant, Elizabeth, conveying their interests in the land; Mary and Margaret, however, reserving the reversion in the dower lands. Subsequently to the decree of the probate court, John H. conveyed all his interest in the land (the south 40) to the plaintiff. Thereafter all the interest of the widow, if any she had after the execution of the quitclaim deed, was levied on and sold to plaintiff's grantors, on execution on a judgment against her, rendered after the execution and record of the quitclaim deed.

Upon this agreed state of facts the parties to this action stipulated as follows: "If said quitclaim deed from the widow, Catherine, to the defendant and her two sisters, conveyed to them all her dower interest, then the defendant shall have judgment herein; but, if said deed did not so convey her dower interest in the share of the land taken by the son John, who was a stranger to said deed, and if said widow, Catherine, retained her dower interest in the land distributed to said John, or if said deed operated as a release of her dower interest to each of said children, then the plaintiff is entitled to judgment declaring him the owner of said north 13⅓ acres of said south 40 acres of said quarter section, free from all claim by or through the defendant."

The controversy is over an estate for the life of the widow, Catherine, in the north 13⅓ acres of the south 40 acres of the quarter section. The plaintiff, claiming that he is the owner of this estate, brought this action to recover damages from the defendant for the alleged wrongful withholding the possession of the land from him. His counsel makes the point that this is purely an action at law, that no matter of equitable cognizance is set up in the pleadings, and, hence, that the only matter involved is the legal title of the land and the right of possession thereunder. If there would otherwise have been any force in this contention, it is entirely removed by the stipulation of the parties, by which they have submitted to

the decision of the court all their rights, of every sort, in the premises.

In a former action between these parties we held that the quitclaim deed from the widow to her daughters operated either as a conveyance or a release of her dower; that it was immaterial, in that action, in which way it took effect, for in either case it left in the widow no claim upon the land. Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171. If that is so, it would seem to be decisive of this case; for if, after the execution of the quitclaim, the widow had no interest in the land, it is difficult to see how plaintiff's grantors acquired anything by their execution sale. But, passing that question, the deed was in form a conveyance, and not a release, and conceding that, under some circumstances, it might be held to operate as a mere release, a court would always hold it to operate as an assignment, whenever necessary to protect the rights of the grantees, which would certainly be the case if the effect of holding it to operate as a mere release would be to vest in the plaintiff an estate in the land for the life of the widow.

Whatever may have formerly been the rule, there is now ample authority for the doctrine that a consummate right of dower, although still unmeasured, is assignable, and that, under the Code, the assignee can maintain an action in his own name for its admeasurement. And so far as this doctrine is concerned, it is immaterial whether unmeasured dower be deemed an estate in the land, or a chose in action, entitling the owner to an estate in the land. It is a vested right of property in an interest in the land, both assignable and enforceable. Of this vested right of property the daughters became the owners upon the execution of the quitclaim deed, and their rights were not affected by the subsequent decree of the probate court assigning the dower to their mother. Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9; Dobberstein v. Murphy, supra. The mother thereby became a mere trustee of the bare legal title for her assignees, who could have maintained an action against her to compel her to convey that title to them. Their deed being of record, their rights were paramount to the lien of the subsequent judgment in favor of plaintiff's grantors. When the judgment was rendered, the widow had no beneficial interest in the land, and, hence, the purchasers at the execution sale acquired none.

64 M.—9

Plaintiff's counsel, assuming that unmeasured dower is a mere chose in action, and not an estate in the land, and, hence, that the deed conveyed no estate in the land to the daughters, argues that it follows that plaintiff is entitled to judgment declaring him to be the owner of the land, relying somewhat, we presume, upon the use of the words "convey" and "conveyed" in the stipulation. If the premise be conceded to be correct, the conclusion does not follow. By whatever name unmeasured dower be designated, it is a vested property interest, which entitles the owner to an estate in the land as fully as an executory contract for the sale of land entitles the vendee, who has performed, to a conveyance. We will not give to the word "convey," as used in the stipulation, a technical meaning that would give to the stipulation the effect of defeating the clear rights of the parties, but must assume that it was used in the general and popular sense of "assign" or "transfer."

Order affirmed.