Tucker *v.* Tucker.

TUCKER *v.* TUCKER.

(*Nashville.* February 5, 1898.)

1. HOMESTEAD. *Extinguished by widow's deed.*

A widow may, by deed, relinquish her homestead before assignment.

2. SAME. *Jurisdiction of County Court.*

The County Court has, in a proceeding by a widow seeking assignment of homestead, jurisdiction to deny her relief upon production of her uncontested deed, relinquishing her right.

Case cited and distinguished: Walsh *v.* Crook, 91 Tenn., 388.

FROM COFFEE.

Appeal from County Court of Coffee County. WM. M. ANDERSON, J.

B. P. BASHAW for Mary P. Tucker.

J. L. EWELL and LUKE MANKIN for J. P. Tucker.

CALDWELL, J. This proceeding was commenced in the County Court of Coffee County by Mary P. Tucker, the widow of T. W. Tucker, deceased, for the purpose of having homestead and dower assigned and allotted to her in 120 acres of land, of which

he died seized and possessed. The heirs of D. W. Tucker resisted the widow's action, upon the ground that she had, by deed, executed after the death of her husband, relinquished and conveyed to them her right of homestead and dower. The County Court was of the opinion that the defense involved a question of title, of which that Court had no jurisdiction, and, therefore, adjudged the widow entitled to the relief sought, notwithstanding her deed, whose validity was unchallenged. The Court of Chancery Appeals reversed the decree of the County Court, and dismissed the widow's application.

The decision of the Court of Chancery Appeals was right. Though otherwise entitled to homestead and dower, the widow's deed passed her right to both, and it was competent for her vendees to set up that deed as a defense in this proceeding.

It is true that County Courts in this State are without jurisdiction to adjudge land titles between adverse claimants ( *Walsh* v. *Crook,* 91 Tenn., 388), but that lack of jurisdiction can have nothing to do with the present controversy. There are no disputed or conflicting titles involved in this case. The widow asks the Court to give her homestead and dower in a particular tract of land, the heirs answer that she has conveyed to them her right to both, and produce her unchallenged deed. Homestead and dower are such interests in land as may be conveyed by the widow before assignment, and her application to have them assigned to her after a valid conveyance

may be defeated by the production of her deed. In such a case, the Court is not called upon to adjudge disputed land titles, but simply to determine whether or not the widow has parted with her right of homestead and dower.

Affirmed.