JANE F. FLETCHER

*v.*

MINNIE B. SHEPHERD *et al.*

*Opinion filed June 18, 1898—Rehearing denied October 6, 1898.*

1. DEEDS—*when delivery of deed by officer taking acknowledgment is a valid delivery.* Delivery of a deed to the grantee by the officer who took the acknowledgment is a valid delivery, where such course is permitted by the grantor.

2. SAME—*mere destruction of deed does not re-invest title in grantor.* The destruction of a deed subsequent to its execution and delivery does not re-invest the title in the grantor unless destroyed by the grantee with that intention, in which case the grantor becomes possessed of the equitable but not the legal title.

3. SAME—*parol understanding will not prevent title from passing on delivery of deed.* Upon actual delivery of a deed by the grantor to

the grantee the title passes, notwithstanding a verbal arrangement that it is to take effect only on certain conditions.

4. DOWER—*unassigned dower is not the subject of transfer.* Unassigned dower is not the subject of transfer or sale, and can only be released to one in privity with title by which the dowress claims.

5. SAME—*dower may be released to tenant in common for his share.* A widow may release her dower in a common estate to one tenant in common as to his share without thereby releasing it in the shares of the others.

6. WITNESSES—*when witness is disqualified by section 2 of Evidence act.* Where a father conveys his property to one daughter and she subsequently re-conveys to him, upon proceedings begun after his death to partition such property among the heirs, the daughter is disqualified, by section 2 of the Evidence act, from testifying, against the other heirs, that the latter deed was destroyed by her at her father's request, he intending to thus re-invest title in her.

7. SAME—*wife cannot testify to husband's admissions in suit between third parties.* Under section 5 of the Evidence act a wife is disqualified from testifying, in suits between third parties, as to conversations with her husband or admissions by him during marriage.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

This is a bill for the partition of forty acres of land, alleged to have been owned by one George W. Whipple at the time of his death, and was filed at the March term, 1896, of the circuit court of Champaign county by the appellant, Jane F. Fletcher, a daughter of the said George W. Whipple, against the appellees, Minnie B. Shepherd and George Whipple, a daughter and son of the said deceased, and appellee, Emily Whipple, his widow. Answer was filed to the bill, and replication was filed to the answer. The cause was referred to a master in chancery to take testimony and to report his conclusions, which conclusions are substantially in accord with the views expressed in the opinion. Exceptions were filed to the master's report, and were sustained by the circuit court, which found that the equities of the cause were with the defendants, and dismissed the bill for want of equity. This appeal is prosecuted from such decree of dismissal.

CUNNINGHAM & BOGGS, for appellant.

J. L. RAY, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

George W. Whipple died intestate on June 12, 1895, leaving him surviving his widow, the appellee Emily Whipple, and three children as his only heirs-at-law, to-wit, his daughter, the appellant Jane F. Fletcher, his daughter, the appellee Minnie B. Shepherd, and his son, the appellee George Whipple. In his lifetime he was the owner in fee of the forty acres of land involved in this controversy, but whether he was the owner thereof at the time of his decease is a disputed question in the case, and is the main, if not the only question, to be determined in order to settle the issues made by the pleadings.

On December 18, 1884, George W. Whipple executed a quit-claim deed, conveying the said forty acres to his daughter, the appellee Minnie B. Shepherd. At the same time Minnie B. Shepherd executed back to him a quit-claim deed, re-conveying the said forty acres. The deed from the deceased to Mrs. Shepherd was recorded on January 2, 1885. The deed, however, executed by Mrs. Shepherd conveying the property to the deceased, was never recorded during his lifetime. George W. Whipple remained in possession of the premises from December 18, 1884, when these deeds were executed, up to the date of his death on July 12, 1895, leasing the land, or parts thereof, in the meantime to other parties, and collecting the rents himself, and paying the taxes and exercising acts of ownership over the land.

The circumstances in regard to the execution of the deeds are substantially as follows: On December 18, 1884, George W. Whipple went to the office of a justice of the peace, named J. M. Mullen, at Pesotum in said county, and requested the justice to execute two quit-claim deeds.

The justice wrote out both quit-claim deeds, being the same which have already been mentioned, at the same time. The deceased signed and acknowledged the quit-claim deed from himself to Minnie B. Shepherd at the justice's office. He then requested the justice to take the other quit-claim deed, which had been drawn up to be executed by Minnie B. Shepherd to the said George W. Whipple, to her house, which was half a mile distant from the justice's office, and there have her sign it, and bring it back. The justice took the deed to the house of Minnie B. Shepherd, where she signed and acknowledged it, and then carried it back to his office; and George W. Whipple took the deeds and carried them away with him.

No question seems to be made between the parties as to the delivery of the deed from the deceased to Minnie B. Shepherd. Certainly, the recording of the deed on January 2, 1885, was *prima facie* evidence of its delivery. The appellees take the ground that this deed was delivered to Mrs. Shepherd, because they now claim that the title to the whole of the property is in her. The appellant in her bill, although attacking the deed to Mrs. Shepherd as colorable, and as a cloud upon her title, admits that it was executed and delivered to Mrs. Shepherd.

As to the deed executed by Mrs. Shepherd to her father, the facts show, that there was a delivery thereof to the grantee therein. Mrs. Shepherd signed and acknowledged the deed before the justice of the peace at her house, and handed it to the justice, in order that he might deliver it to her father, the grantee therein; and it was so delivered on the day of its execution. When a party acknowledges before a proper officer the execution and delivery of a deed made by him, and allows the officer to hand the same to the grantee without objection, this will amount to a delivery. (*Hewitt* v. *Clark*, 91 Ill. 605.) If then the deed, executed by Mrs. Shepherd to the deceased, was delivered to him, the title passed from her to him. Prior to his death George W. Whipple never con-

veyed away the forty acres thus deeded back to him by
his daughter, Mrs. Shepherd.   It would, therefore, seem
to follow, that, at the time of his death, the title thereto
was in the deceased, and by his death passed by descent
to his three children above named, subject to the dower
of the appellee, Emily Whipple.   The contention of the
appellant is, that she is the owner of an undivided one-
third part of the land upon the alleged ground that her
father owned it when he died, and that the appellees,
Minnie B. Shepherd and George Whipple, are also the
owners each of an undivided one-third part thereof.   The
fact, that the quit-claim deed from Mrs. Shepherd to her
father was not recorded, would make no difference, so far
as the passage of the title from her to him is concerned,
the deed having been duly executed and delivered.

No consideration was paid by Mrs. Shepherd for the
deed executed to her by her father, nor did she ever take
possession of the premises thereunder in his lifetime.
The consideration named in the deed was one dollar.   It
is claimed by the appellees, that the deceased intended
to give the land to his daughter, Mrs. Shepherd, and that
the only object, sought to be accomplished by the execu-
tion of the quit-claim deed by her, conveying the land
back to him, was, that he might hold such deed as a pro-
tection to himself, so as to give him the right to use and
control the land and receive the rents thereof during his
lifetime.   In other words, it is said, that he deeded the
land outright to his daughter, but intended only to retain
a life estate in himself, with the right to use the land and
draw its rents as long as he lived.   He did not, however,
reserve such life estate in express terms in the deed which
he executed to her, and the deed which she executed back
to him was absolute upon its face, and contained no pro-
vision whatever in reference to a life estate.

But it is said that, before the death of George W.
Whipple, he surrendered the deed, executed by his daugh-
ter to himself, to her husband, with directions to the lat-

ter to surrender it to Mrs. Shepherd to be destroyed. It is claimed, that Shepherd took the deed from the deceased and handed it to his wife, and that thereupon she put it in the stove and burned it up. Where a conveyance of a tract of land is executed and delivered, the subsequent destruction or surrender of the deed will not re-vest the title to the land in the grantor. (*Duncan* v. *Wickliffe,* 4 Scam. 452; *Oliver* v. *Oliver,* 149 Ill. 542; *Gillespie* v. *Gillespie,* 159 id. 84). The mere fact of the destruction of the deed after it was delivered to the deceased would, therefore, be of no particular significance, so far as re-vesting the title in the grantor, Mrs. Shepherd, is concerned. It is said, however, that, when the deceased delivered the deed to Shepherd to be taken to Mrs. Shepherd, it was so delivered with the intention on the part of the grantee, George W. Whipple, that the deed should be destroyed, and with directions that his daughter should so dispose of it, in order that she might be fully re-invested with the title to the land. It has been held by this court in several cases, that, if the grantee, in surrendering up an unrecorded deed that has been executed and delivered to him, does so with the intention, or with the request, that it be destroyed, for the purpose of re-vesting the title in the grantor, in that case the grantor acquires the equitable, though not the legal, title. (*Happ* v. *Happ,* 156 Ill. 183; *Sanford* v. *Finkle,* 112 id. 146; *Gillespie* v. *Gillespie, supra*). It is to be noted that, in the case of *Happ* v. *Happ, supra,* where an unrecorded deed was surrendered by the grantee to the grantor, the grantor was in possession of the land named in the deed. The grantor, Mrs. Shepherd, was never in possession of the land here involved during her father's lifetime, but he retained the possession thereof up to the day of his death. Under the authorities here referred to, Mrs. Shepherd might be regarded as the equitable owner of the land, if there was any competent evidence in the record establishing the fact, that the deed was surrendered by the deceased to her with the directions

already specified. But the only witnesses, by whom the surrender of the deed and its destruction under the circumstances already narrated are proven, were not competent witnesses, and should not have been allowed to give the testimony upon this subject appearing in the record.

Mr. Shepherd, to whom the deed is alleged to have been handed by the deceased for delivery to Mrs. Shepherd, was not examined as a witness in this case, as he died before the hearing thereof. The only witnesses, who testified to the alleged surrender and destruction of the deed and the alleged directions of the deceased in reference thereto, are the appellees, Minnie B. Shepherd and Emily Whipple. They were incompetent witnesses, in this proceeding, as to matters occurring prior to the death of George W. Whipple under section 2 of chapter 51 of the act in relation to evidence. That section says, "no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, where any adverse party sues or defends as the * * * heir, legatee or devisee of any deceased person, * * * unless when called as a witness by such adverse party so suing or defending," etc. Here the appellees, Minnie B. Shepherd and Emily Whipple, are parties, and the adverse party is Mrs. Fletcher, the appellant, who sues as the heir of her deceased father, George W. Whipple. This is not merely a proceeding for the partition of land between the heirs and for an adjustment of advancements made to some, nor are the matters here involved merely the relative rights of heirs as to the distribution of an estate. On the contrary, the decision here sought by the appellees would tend to reduce or impair the estate, and deprive the heirs of it, because the contention of the appellees is that Minnie B. Shepherd is the owner of the whole property as against her brother and sister, not by reason of being an heir of the deceased, but by reason of a deed alleged to

have been executed to her by the deceased. We have held, that the object of the statute above quoted is to protect the estate of deceased persons from the assaults of strangers, and relates to proceedings where the decision sought by the party testifying would tend to reduce or impair the estate. (*Ebert* v. *Gerding*, 116 Ill. 216; *Pyle* v. *Pyle*, 158 id. 289; *Stodder* v. *Hoffman*, 158 id. 486). In addition to what has already been said, the appellee, Emily Whipple, was further incompetent, under section 5 of said chapter 51, as being the widow of the deceased, George W. Whipple, and testifying to conversations had with her husband and admissions made by him during their married life. (*Gillespie* v. *Gillespie*, *supra*; *Pyle* v. *Pyle*, *supra*). When this incompetent testimony of Mrs. Shepherd and Mrs. Whipple is excluded, there remains no evidence in the record, showing a surrender by the deceased of the deed to himself with the request that it be destroyed for the purpose of re-vesting the title in the grantor therein, Mrs. Shepherd. The case must, therefore, be considered as though the title was in the deceased, George W. Whipple, at the time of his death by virtue of the quit-claim deed executed to him by his daughter, Mrs. Shepherd. Under this view it is not necessary to consider the allegations of the bill as to the purpose for which the deed from the deceased to his daughter, Mrs. Shepherd, was executed. The bill alleges, that George W. Whipple owned the land at the time of his death, and that, by reason of such ownership, his three children surviving him were the owners each of an undivided one-third thereof. The allegation of ownership at the time of the decease is as well established through proof of the execution of the deed from Mrs. Shepherd to her father, as it would have been by any proof showing the alleged void character of the deed executed by her father to her.

It is true, that, in this case, no copy of the quit-claim deed executed by Mrs. Shepherd to her father was produced in evidence. Notice was served upon the defend-

ants below to produce the original deed, and the oral evidence introduced to prove its contents was not objected to. The proof shows, that the deed was executed by George W. Whipple to Minnie B. Shepherd on December 18, 1884, and also shows the consideration named in the deed, what property it conveyed, and that it was a quit-claim and not a warranty deed. This was sufficient evidence to prove its contents. (*Perry* v. *Burton,* 111 Ill. 138). Indeed, the execution of the quit-claim deed from Mrs. Shepherd to her father is substantially conceded by both parties.

It cannot be said that George W. Whipple held the title to the premises for Mrs. Shepherd under an express trust. There was no writing manifesting any express trust. (1 Starr & Curtis, p. 1200; *Walter* v. *Klock,* 55 Ill. 362; *Stevenson* v. *Crapnell,* 114 Ill. 19; *Fowler* v. *Black,* 136 id. 363; *Mittel* v. *Karl,* 133 id. 65; *Stodder* v. *Hoffman, supra*). In case of an actual delivery of a deed by the grantor to the grantee, the title will pass, notwithstanding a verbal understanding, that it is to take effect only on certain conditions. This is so, because a deed, voluntarily placed in the hands of a grantee, cannot be treated as an escrow. (*Weber* v. *Christen,* 121 Ill. 91).

On July 12, 1895, Mrs. Emily Whipple, the appellee, executed a deed to her daughter, Minnie B. Shepherd, conveying to her, in consideration of one dollar and love and affection, all her interest in the whole tract of forty acres. This deed was executed for the purpose of releasing to Mrs. Shepherd all of her mother's dower interest in the property. It is contended by the appellant, that, although, at the time when the last mentioned deed was executed, Mrs. Shepherd was not the owner of the whole of the forty-acre tract, yet that she was the owner of an undivided one-third thereof, and that the execution of the quit-claim deed to her by the widow, Emily Whipple, had the effect of releasing her dower in the whole tract. It is claimed by the appellees, that the deed from

Emily Whipple to Minnie B. Shepherd was executed upon the theory that Mrs. Shepherd at that time, under the deed of December, 1884, from her father to herself, was the owner of the whole tract, and that, if she is held not to be such owner, she is entitled to her dower, as though the deed had not been made. It is well settled, that unassigned dower is not the subject of transfer or sale, and can only be released to one in privity with the title under which the dowress claims. (*Hart* v. *Burch*, 130 Ill. 426). It may be released in favor of the owner of the fee, but it cannot be invested in another separately from the fee. (*Best* v. *Jenks*, 123 Ill. 447). Mrs. Whipple could have released her dower in an undivided one-third part of the premises to her daughter, Mrs. Shepherd, as the owner of an undivided one-third part thereof. A widow, having dower in the common estate, may release to one tenant in common for his or her share without releasing her dower to another tenant in common who has a different share. (*Hart* v. *Burch*, *supra*). But the quit-claim deed, executed by Mrs. Whipple to Mrs. Shepherd, did not purport to convey Mrs. Whipple's interest in an undivided one-third part of the premises; it purported to convey her interest in the whole tract. As to two-thirds of the tract Mrs. Shepherd was not the owner in fee thereof. There could not then have been a release of Mrs. Whipple's dower in the two-thirds not owned by Mrs. Shepherd. To hold that there was such release would be to hold, that a dowress can release her dower in favor of a person who is not the owner of the fee. We are inclined to the opinion, that the deed, executed by Mrs. Whipple, only had the effect of releasing her dower in the undivided one-third interest owned by Mrs. Shepherd, and that she is still entitled to her right of dower in the one-third owned by the appellant, Mrs. Fletcher, and in the one-third owned by the appellee George Whipple.

Our conclusion is, that George W. Whipple deceased was the owner of the forty acres at the time of his death;

that the appellant, and the appellees, Mrs. Shepherd and George Whipple, are each entitled to an undivided one-third part of the tract of land, as heirs of the deceased; that the undivided interests of the appellant, and of the appellee George Whipple, are subject to the dower of the appellee, Emily Whipple.

Accordingly, the decree of the circuit court is reversed, and the cause is remanded to that court with directions to proceed with a partition of the property in accordance with the views herein expressed.

*Reversed and remanded.*