POLLOCK, imp., Appellant, vs. COLUMBIA BANK, imp., Respondent.

*May 5—June 20, 1927.*

*Dower: Assignment before admeasurement: Rights of mortgagee.*

The mortgagee of dower and homestead rights of a widow in her deceased husband's land acquires title thereto by his mortgage conveyance and subsequent foreclosure sale thereon, although dower in the land had not been admeasured and assigned to the widow, as provided by secs. 314.01 to 314.06, Stats., since such rights were assignable without having been so admeasured and assigned,

APPEAL from a judgment in partition of the county court of Columbia county: A. F. KELLOGG, Judge.    *Affirmed.*

This was an action for partition of real estate. It appeared that James Pollock died intestate in 1914, leaving surviving him his widow, *Mary D. Pollock,* and five children. He died seized of 160 acres of land in one tract, having one set of buildings, said tract consisting of his homestead and other lands. His widow continued to reside on said property up to the time of the commencement of this action. She had dower and homestead interests in such real estate.

In 1916 the county court of said county administered said estate and adjudged and assigned all of the estate to said children in common undivided shares, subject to the homestead and dower rights of the widow.

In 1919 the widow, being then indebted to the respondent *Columbia Bank,* mortgaged her interest in said premises to said bank. Thereafter the mortgage became due, the widow failed to make payment, and the *Columbia Bank* foreclosed. It bought in the interest of the widow in the premises on the sheriff's sale and received a sheriff's deed.

The dower and homestead rights had not been admeasured or assigned to the widow as provided by ch. 314, Stats.

The county court entered judgment for partition and affirming title in the *Columbia Bank,* by assignment of the interest formerly owned by *Mary D. Pollock* in the estate.

*Mary D. Pollock,* alone, appeals.

For the appellant there was a brief signed by *J. J. Mc-Manamy* of Madison, and oral argument by *Mr. McManamy.*

For the respondent there was a brief by *Andrews & Palmer* of Portage, and oral argument by *H. E. Andrews.*

CROWNHART, J. It is contended by the appellant, *Mary D. Pollock,* that as her dower and homestead rights in the land in question had not been admeasured and assigned to

her, as provided by statute, the *Columbia Bank* acquired no title thereto by mortgage conveyance and foreclosure sale.

We will content ourselves by deciding the simple question here in issue: May a widow, before her dower interest has been admeasured and assigned, convey the same in equity to a stranger so as to entitle the grantee to be subrogated to the rights of the widow to admeasurement and assignment of her dower interest? The decisions of the courts are not entirely harmonious, but the great weight of authority is to the effect that dower is assignable in equity and that the assignee may have admeasured and assigned to him such dower interest. 9 Ruling Case Law, p. 594, § 35, states the rule:

". . . But, like other choses in action which were not assignable at the common law, equity will recognize her assignment, and the assignee can maintain a bill in equity to enforce the right of dower." See, also, 19 Corp. Jur. 536.

In *Dobberstein v. Murphy,* 64 Minn. 127, 66 N. W. 204, the court said:

"Whatever may have formerly been the rule, there is now ample authority for the doctrine that a consummate right of dower, although still unmeasured, is assignable, and that under the Code the assignee can maintain an action in his own name for its admeasurement. And so far as this doctrine is concerned, it is immaterial whether unmeasured dower be deemed an estate in the land or a chose in action entitling the owner to an estate in the land. It is a vested right of property in an interest in the land, both assignable and enforceable."

See, also, *Flowers v. Flowers,* 84 Ark. 557, 106 S. W. 949; *McMahon v. Gray,* 150 Mass. 289, 22 N. E. 923; *Wilson v. Roebuck,* 180 Ala. 288, 60 South. 870; *Johnston v. Loose,* 201 Mich. 259, 167 N. W. 1021; *Mutual L. Ins. Co. v. Shipman,* 119 N. Y. 324, 24 N. E. 177; *Tucker v. Tucker,* 100 Tenn. 310, 45 S. W. 344; *Parton v. Allison,* 111 N. C. 429, 16 S. E. 415; *Fletcher v. Shepherd,* 174 Ill.

262, 51 N. E. 212; *Herr v. Herr,* 90 Iowa, 538, 58 N. W. 897.

Counsel for appellant cite as opposed to this view *Howe v. McGivern,* 25 Wis. 525; *Farnsworth v. Cole,* 42 Wis. 403; *Munger v. Perkins,* 62 Wis. 499, 503, 22 N. W. 511; and *Estate of Johnson,* 175 Wis. 248, 185 N. W. 180. None of these cases, under the facts before the court, is applicable. In the *Howe Case, supra,* the court held that unassigned dower could not be transferred by deed to a stranger so as to permit such stranger to set up the conveyance as a defense in ejectment. In the *Farnsworth Case, supra,* the question here presented was not involved. In the *Munger Case, supra,* the court held that the joinder of the wife with her husband in a void deed did not deprive her of dower in lands so attempted to be conveyed. In the *Johnson Case, supra,* it was held that the widow and a daughter of the deceased, being his sole heirs, were tenants in common with an insurable interest in the premises. We find nothing inconsistent in those decisions with the decision of the trial court in this proceeding.

*By the Court.*—The judgment of the county court is affirmed.