# Slosson *et al. v.* McNulty *et al.*

*Statutory Bill to quiet Title to Real Estate.*

1. *Equity pleading; when demurrer to bill to quiet title not a speaking demurrer.*—A demurrer to a bill filed under the statute to compel the determination of claims to real estate and to quiet the title thereto, on the ground of multifariousness, in "that it seeks in one bill to quiet the titles of a number of different persons to distinct tracts of lands, each of the defendants claiming separate lands without showing that the several defendants have no joint or common interest in any portion whatever," is not a speaking demurrer, but properly raises the objection of multifariousness.

2. *Statutory bill to quiet title; multifariousness.*—Where it is shown by a bill filed under the statute to compel the determination of claims to real estate and to quiet title to the same, (Code, §§ 809-813), that the land referred to is a large tract containing many thousands of acres, and that the complainants acquired title to said land from three separate and distinct sources, severally, and after making many persons parties respondent to the bill it is alleged that "each of the defendants * * * claim or are reputed to claim some right, title or interest in or incumbrance upon said land, or some part thereof," without showing that the several defendants have any joint or common interest in the lands or any portion thereof, such bill is subject to the objection of multifariousness.

3. *Same; demand upon defendant to set forth claim sufficient if contained in prayer of bill.*—In a bill filed under the statute to compel the determination of claims to real estate and to quiet title thereto (Code, §§ 809-813), the statutory demand upon de-

fendant to set forth and specify "his title, claim, interest or incumbrance" upon the lands in question is sufficiently and properly made in the prayer of the bill; the prayer being a part of such bill.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellant against the appellees under the statute to compel the determination of claims to real estate and to quiet title thereto, which now forms sections 809-813 of the Code of 1896.

The property as to which the complainants seek to clear their title, however, consists of several thousand acres of land in Baldwin county, Alabama, which form a number of different tracts. The allegations of the bill are, that the claimants derived their title to different portions of the lands in question from different sources. There are a number of persons made parties defendant to the bill, and the only allegation of the bill as to the title of the defendants is, "That each of the defendants claim, or are reputed to claim, some right, title, or interest in, or encumbrance upon said lands, or some part thereof."

In neither of the paragraphs of the bill are the defendants called upon to set forth and specify their title, claim, interest or incumbrance, and how or by what instruments the same is derived or created, but in the prayer of the bill. the complainants ask that the defendants and each of them "be required to set forth and specify his, her or its title or incumbrance on said lands or any part thereof, and what part and how and by what instrument the same is created or derived." It is further prayed that the defendants be decreed to have no title or interest to the lands adverse to that of the complainants.

The defendants, Mary M. McNulty, Woodson H. Kennon, and the Virginia Trust Company, thereupon demurred to the bill of complaint upon the following grounds: 1st. "Because said bill of complaint is multifarious in this, that it seeks in one bill to quiet the title of a number of different persons to distinct tracts of land, each of the defendant claiming separate lands,

without showing that the several defendants have any joint or common interest in any portion whatever." 2d. Because by the said bill of complaint, the complainant has not called upon this defendant to set forth and specify her title, claim, interest or encumbrance, and how and by what instrument the same is derived and created. 3d. Because the said bill of complaint waives oath to said answers.

On the submission of the case upon this demurrer, the chancellor rendered a decree sustaining it. From this decree the complainants appeal and assign the rendition thereof as error.

L. H. & E. W. FAITH, for appellants.—The bill is not multifarious. The object and purpose of the suit is single, in seeking to quiet complainants' title to the land. The first ground of demurrer, and the one which raises this question, is a speaking demurrer. There is nothing in the bill upon which the averments of the demurrer can be based. The purpose of the bill is plainly shown to be single for the quieting of complainants' title, and not for the quieting of defendants' title. And although it may be shown by the answers of the defendants that each claim severally distinct and separate parcels of the land, this would not render the bill multifarious.

"The objection of multifariousness does not hold where one general right is claimed by the plaintiff, although the defendants may have separate and distinct rights."— *Larkins v. Biddle,* 21 Ala. 252; *Randle v. Boyd,* 73 Ala. 288; *Truss v. Miller,* 116 Ala. 505; *Sanders v. Wallace,* 114 Ala. 263.

Jurisdiction having been conferred by the Legislature upon courts of equity "to settle the title to such lands, and to clear up all doubts or disputes concerning the same," it would seem eminently appropriate and proper in the exercise of this jurisdiction that courts of equity would bring to its aid in suits of this character its well established rules and principle of administering equity and justice without the multiplication of suits, and not in piece meals.—*Randle v. Boyd,* 73 Ala. 282-288; *Fellows v. Fellows,* 15 Am. Dec. 428-429 and note.

[Slosson *et al.* v. McNulty *et al.*]

GREGORY L. & H. T. SMITH, and BESTOR & GRAY, *contra*.—By the allegations of the bill of complaint the defendants are not alleged to be tenants in common of any single acre of land described in the bill of complaint; the allegation of the bill of complaint is that each of the defendants claim to own some part of the land, and construing this allegation against the pleading, it certainly cannot be taken as an allegation to this effect. The evil result of bringing a number of different persons in to litigate over the title of a large number of pieces of property, although they are each interested in only one piece and although none of them are in any manner interested as to the title of the other defendants in the different property claimed by them, is so manifest that we deem it unnecessary to do more than to cite one or two authorities upon this subject. The precise point seems to have been settled in the matter of *Ebenezer Brentis*, 7 Ohio, Part 2, page 129, s. c., 30 Amer. Decisions, page 203.—*Kermoah v. Kelly*, 14 Ohio 502, s. c. 45 Amer. Dec. 552; *Brownwell v. Bradley*, 42 Amer. Dec. 498; *Cunningham v. Taylor*, 3 Gray (Mass.) 111; *Meachem v. Williams*, 9 Ala. 842; *Holburne v. Kroughton*, 9 Ala. 361.

McCLELLAN, C. J.—This bill is filed by Cornelia D. Slossen *et al.* "to compel the determination of claims to land and to quiet title," under sections 809-813 of the Code. The land in question is referred to in the bill as "a large tract," and the particular description shows the tract to contain many thousands of acres. The bill also shows that complainant acquired title from three separate and distinct sources severally to as many separate and distinct portions of the tract. Twenty-five or thirty persons are made parties respondent to the bill; and it is alleged that "each of the defendants  *  *  * claim or are reputed to claim some right, title or interest in, or incumbrance upon said lands, or some parts thereof," etc. Three of the respondents separately demurred to the bill on the ground, among others, of multifariousness "in this, that it seeks in one bill to quiet the titles of a number of different persons to distinct tracts

of land, each of the defendants claiming separate lands, without showing that the several defendants have any joint or common interest in any portion whatever." We do not concur with counsel for appellants that this is a speaking demurrer. To the contrary it is clear that the averments of the bill quoted above would be filled by proof that each one of the respondents claimed a part of the land which no other respondent claimed, and that the claim of each was entirely without relation to or connection with the claim of any other, and so the bill must be taken and construed. So that, for illustration, while Mary A. McNulty may claim an incumbrance upon the southwest quarter of section ten (10) in a certain township and range by mortgage executed by A. B., and W. H. Kennon may claim the fee in the north half of section twenty-one in another township and range by deed from C. D., and the Virginia Trust Company may claim title by adverse possession in and to the east half of section fifteen in yet another township and range, and so on through the long list of defendants, they would each and all by this bill be brought in to defend "on a record with a large portion of which and with the case made by which they thus have no connection whatever," no one of them having any interest in the subject-matter of the claim of any other one, and no one of them deriving title from the source or resting his claim upon facts involved in the claim of any other one. The issues would be as numerous as the respondents, and each different and distinct; and under section 812 there would have to be as many juries, or as many distinct trials at the same or different times before the same jury as there are defendants; a consideration going to emphasize the extreme inconvenience of proceeding under such a bill (though of course cases may arise in which several jury trials may be proper and even necessary), not to speak of the right of the parties to have the trial of their several causes unembarrassed by the trial of other causes and free from liability for costs in other causes. We have no hesitancy in reaching the conclusion that the bill is multifarious considering it upon the footing of bills generally. But it is insisted that a bill under this statute is not to be so

considered, that by force of the enactment itself one in peaceable possession of land claiming to own the same may proceed in this way against all persons who in any way claim or are reputed to claim any interest, etc. therein, however distinct and unconnected their several claims may be; the purpose of such bills being single, to settle the complainant's title. This position is untenable, we think. The statute does not in terms change the rule of pleading in the respect under consideration; and no such legislative intent is deducible from the language employed, nor is the abrogation of the rule against multifariousness necessary to the effectuation of the right conferred by the act. And it is not enough that the object of the bill is single in the sense that it seeks only to establish complainants' common title to certain lands. That is but one of several points of view from which the question of multifariousness *vel non* is to be considered; and there must not only be a common right in the complainants to quiet their title, but they must have this right against defendants all of whom claim an interest in the same land or an interest in different parcels of land in the same or connected right. The question is, in other words, to be also regarded from the standpoints of the several defendants, and if they have no connected interest as respects subject-matter or derivation of title or claim, they cannot be brought by one bill into court and put to a defense of their claims. *In re Prentiss,* 30 Am. Dec: 203; *Colburn v. Broughton,* 9 Ala. 351; *Meacham v. Williams,* 9 Ala. 842; *Bolles v. Bolles,* 44 N. J. Eq. 385; *Lehigh Valley R. R. Co. v. Mc-Farlan et al.* 31 N. J. Eq. 730; *Clay v. Gurley,* 62 Ala. 14.

The other ground of the demurrer sustained by the chancellor was not well taken. The prayer is a part of the bill, and the statutory demand upon the defendant to set forth and specify "his title, claim, interest, or encumbrance," etc. etc.  (Code, § 810) is properly made in the prayer.—*Southmayd v. City of Elizabeth,* 29 N. J. Eq. 203, 204-5.

The decree sustaining the demurrers on the ground of multifariousness is affirmed.

Affirmed.