# White, *et al. v.* Cotner, *et al.*

*Quieting Title.*

(Decided Dec. 22, 1910. 54 South. 114.)

1. *Equity; Pleading; Multifariousness.*—A bill is not multifarious because of a misjoinder of parties respondent where the bill shows that all the respondents claim an interest in all the land which is the subject matter of the bill to quiet title.

[White, et al. v. Cotner, et al.]

2. *Quieting Title; Bill; Sufficency.*—Under section 5443, Code 1907, the possession requisite must be peaceable, and an allegation in the bill to quiet title that complainants are in the open, notorious and adverse possession, is insufficient, and the bill demurrable.

3. *Same.*—Where the bill alleges that defendant is cutting timber upon the land and threatens to continue to do so until the land shall be entirely denuded of timber, it shows only a scrambling possession on the part of the complainant, which is insufficient to support a bill to quiet title under section 5443, Code 1907.

4. *Same; Pleading; Demurrer.*—A general demurrer goes to the substance of the bill, and hence, the general demurrer was sufficient to raise the point that complainants' possession as made by the bill was not a peaceable possession, or was a scrambling possession.

APPEAL from Monroe Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Chester G. White and others against William H. Cotner, to quiet title to land. From a decree sustaining demurrer to the bill complainant appeals. Affirmed.

EDWIN C. PAGE, and FITTS & LEIGH, for appellant. Cotner was a necessary party.—*Teal v. Chancellor,* 117 Ala. 612; *Rensford v. Magnus & Co.,* 150 Ala. 288. The bill is unlike the one in *Slosson v. McNulty,* 125 Ala. 124. In this case there is a connected interest as respects the subject-matter of the suit.—*Randall v. Boyd,* 73 Ala. 282; *Bohlman v. Lobman,* 74 Ala. 507; *Howard v. Corey,* 126 Ala. 288.

JAMES F. JONES, for appellee. No brief came to the Reporter.

SAYRE, J.—Appellants filed their bill under the statute against W. H. Cotner and 11 others to quiet their title to an 80-acre tract of land, which is appropriately described according to the government survey. The averment of the bill in respect to the interest of the defendant is "that the respondents claim or are reputed to claim some interest in or to said lands above

described, or to hold some lien or incumbrance there-on." The defendants interposed their joint demurrer. The sole ground upon which the chancellor sustained this demurrer was thus stated in the record: "There is a misjoinder of parties defendant to said bill, as amended, in that no connection or privity of interest is shown between W. H. Cotner and the other defendants to said bill." The chancellor stated his opinion to be that the bill should show that the defendants claimed from a common source or in some way show a common interest; citing *Slosson v. McNulty,* 125 Ala. 124, 29 South. 183, 82 Am. St. Rep. 222. In that case there was a number of defendants, and the bill showed that the subject-matter of the suit consisted of a number of different tracts. It was alleged that "each of the de-fendants * * * claim or are reputed to claim some right, title, or interest in, or incumbrance upon, said lands, or some parts thereof," etc. It was observed that the quoted averment of the bill would be filled by proof that each one of the respondents claimed a part of the land which no other respondent claimed, and that the claim of each was entirely without relation to or con-nection with the claim of any other. And it was ruled that since no one of them appeared to have any inter-est in the subject-matter of the claim of any other, and no one appeared to have derived title from the source, or rested his claim upon facts involved in the claim of any other the defendants could not be brought to defend upon a common record. The basis for the de-cision is to be found in the second alternative of the averment of the right or interest claimed by the de-fendants, which may be accurately stated as follows: "Each of the defendants claim some right or interest in some parts of said lands." Not so in the case here. Here the just interpretation of the bill is that all the

[White, et al. v. Cotner, et al.]

defendants claim an interest in all the land the subject-matter of the suit. The defendants thus appear to have a connected interest in respect to the subject-matter, and the bill is not multifarious as it was decreed to be in the court below.

Nevertheless, the decree must be affirmed. The leading purpose of the bill is to quiet title, as we have said. Incidentally it is sought to restrain waste by one of the defendants pending the determination of the title. The bill alleges in a general way that complainants are in possession, that they are in the open, notorious, and adverse possession of the premises. But the statute under which the bill is filed requires that the possession of the complainant shall be a peaceable possess-sion.—Code 1907, § 5443. The further allegation in regard to the defendant Cotner is that he is cutting the timber upon the land, and threatens to continue doing so until the land shall be entirely denuded of the timber. This, at best, shows only a scrambling possession on the part of the complainants, and the bill cannot be maintained under the statute.—*Randle v. Daughdrill,* 142 Ala. 490, 39 South. 162, and authorities there cited. The point that complainants' possession, as it appeared by the bill, was not a peaceable possession or was a scrambling possession, was not taken by special demurrer, but it goes to the substance of the bill, and was sufficiently raised by the general demurrer.

It is probable that complainants have mistaken their relief. However that may be, the decree is affirmed. The cause will stand in the chancery court for such order as to the court may seem meet and proper.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.