(85 South. 269)

**IRWIN v. SHOEMAKER et al.   (3 Div. 416.)**

(Supreme Court of Alabama.   Feb. 12, 1920.)

1. **Equity ⬤⟶153—Bill construed against pleader on demurrer.**

On demurrer to a bill in equity, the averments must be construed most strongly against the pleader.

2. **Quieting title ⬤⟶35(3)—Bill to quiet title and enjoin entry showed "only a scrambling possession."**

A bill to quiet title and to enjoin trespass to remove timber *held* at best to show that the complainant's possession was only a "scrambling possession," and a demurrer taking such point was properly sustained.

3. **Quieting title ⬤⟶35(2) — Bill demurrable for failing to show that respondents asserted a claim in common.**

A bill to quiet title and enjoin trespass to take timber, which alleged that "as indicated in the instrument" respondents claimed some right, etc., was demurrable for failing to show that the respondents were asserting a claim in common to the property, where the instrument indicated evidenced a claim by only one of the respondents.

4. **Pleading ⬤⟶34(3)—Performance of contract assumed, in absence of allegation to contrary.**

In action to quiet title and enjoin trespass to take timber under a contract, the time having elapsed for the payment of a consideration set out in the instrument, it will be assumed that such consideration was paid, in the absence of averments to the contrary in the bill.

5. **Injunction ⬤⟶108—Not granted until offer to return money received under contract involved.**

An injunction against trespass to obtain timber under a contract will not be granted, in the absence of an offer by plaintiff to return money received under the contract, though the contract is void.

6. **Injunction ⬤⟶172 — Temporary injunction properly dissolved after sworn answer.**

In an action to quiet title and enjoin trespass, it was not error to dissolve a temporary injunction, where the sworn answer denied all the material allegations of the bill on which its equity rested.

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Bill by Frances I. Irwin against J. M. Shoemaker and others to quiet title to land and restrain trespass. From a decree dissolving a temporary injunction, complainant appeals.   Affirmed.

Hybart, Hare & Ratcliffe, of Monroeville, for appellant.

Equity has jurisdiction to restrain the trespass. 198 Ala. 236, 73 South. 486, L. R. A. 1917C, 232; 92 Ala. 484, 9 South. 262. The wife cannot do indirectly what section 4494, Code 1907, says she cannot do directly. 185 Ala. 179, 64 South. 312; 195 Ala. 601, 71 South. 177. Her void contract relative to the sale of the timber cannot, therefore, be made a valid contract to convey. 109 Ala. 107, 19 South. 424, 32 L. R. A. 201; 181 Ala. 169, 61 South. 271. It thus appearing that complainant owned both the equitable and legal title to the timber, the court erred in dissolving the injunction. 198 Ala. 172, 73 South. 484, L. R. A. 1917C, 1001; 175 Ala. 655, 57 South. 437, and authorities supra. Respondent was not entitled to a dissolution of the injunction on their answer. 149 Ala. 106, 42 South. 1019; 157 Ala. 46, 47 South. 197; 180 Ala. 388, 61 South. 330.

Hamilton & Page and J. S. Stearns, all of Evergreen, for appellees.

Though void as a conveyance, the deed was valid as a contract to convey. 120 Ala. 115, 22 South. 112; 127 Ala. 287, 28 South. 476. The deed was binding on complainant, and not within the statute of frauds. 98

Ala. 481, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82; 157 Ala. 477, 47 South. 722; 13 Ala. 292. The bill was multifarious. 125 Ala. 124, 29 South. 183, 82 Am. St. Rep. 222. Taken together, the allegations show a scrambling possession. 170 Ala. 327, 54 South. 114; 142 Ala. 486, 38 South. 242; Id., 490, 39 South. 162; 128 Ala. 579, 30 South. 60. The court properly denied the injunction. 92 Ala. 490, 9 South. 262; 101 Ala. 267, 14 South. 466; 127 Ala. 84, 28 South. 698. It was properly denied on the coming in of the sworn answer. 96 Ala. 379, 11 South. 434; 106 Ala. 548, 17 South. 706; 115 Ala. 249, 22 South. 465.

BROWN, J. This bill is filed by Frances I. Irwin against J. M. Shoemaker and others to compel the determination of claims to the lands described in the bill and to quiet the title of the complainant thereto, and as incidental relief to restrain the respondents from entering upon the lands and taking the timber growing thereon.

While the bill avers that the complainant is the owner of the lands "and in the peaceable possession thereof," it also avers that—

"The respondents are reputed to claim some right, title, or interest in said described lands under an instrument in writing which is in words and figures as follows: 'Know all men by these presents, that for and in consideration of $2,000 to be paid as hereinafter provided we have granted, bargained, and sold to John M. Shoemaker all the merchantable timber, except oak and ash, on the following lands: [Description of lands omitted.] The said J. M. Shoemaker is to have a lease on the mill side [site] and all outbuildings for a term of five years, and is to have five years in which to cut and remove timber; but in the event he should want a longer time to cut said timber, or any other additional timber which he may buy, then in that event he shall have an additional time of two years in which to occupy the mill side [site]. The said John M. Shoemaker, in consideration of the above, is to pay $50 per month from May 1, 1913, until the $2,000 is paid. [Signed] Frances I. Irwin. Richard F. Irwin. John M. Shoemaker.' * * * That the respondents have repeatedly and continuously, since said May 1, 1913, entered upon complainant's said lands and greatly damaged the same, by cutting and removing large quantities of timber of great value, and are continuing to trespass upon said lands, and are threatening to cut and remove such as still remains on said lands; the said remaining timber being of great value."

[1, 2] Construing these averments most strongly against the pleader, as must be done on demurrer, they at best show that the complainant's possession is "only a scrambling possession," and the demurrer taking this point was properly sustained. White et al. v. Cotner, 170 Ala. 324, 54 South. 114; Cent. of Ga. Ry. Co. v. Rouse, 176 Ala. 138, 57 South. 706.

[3] By the averments in the fifth paragraph of the bill:

"That, as indicated in the instrument copied in the third parargaph of this bill of complaint, respondents claim some right, title, or interest to the timber standing on parts of the land described in said instrument, but, so far as complainant is informed, claimed no interest in the land other than a right to go upon and over the same for the purpose of cutting and removing said timber, and a further right to use and occupy the mill site referred to in said instrument."

Reference to the instrument shows that it evidences a claim by no one except the respondent Shoemaker, and therefore rendered the bill demurrable for failing to show that the respondents are asserting a claim in common to the property. Slosson v. McNulty et al., 125 Ala. 124, 29 South. 183, 82 Am. St. Rep. 222.

[4, 5] Treating the bill as one to restrain trespass, as against the general demurrer for want of equity, the time having elapsed for the payment of the consideration of the $2,000 provided for in the paper set out in the bill, in the absence of averments to the contrary, it will be assumed that Shoemaker has fully performed his part of the undertaking by paying the consideration to the complainant, and the powers of a court of equity will not be exercised, in the absence of an offer to return the money received under the contract, though the contract itself is void. Hayes v. South. Home B. & L. Ass'n, 124 Ala. 663, 26 South. 527, 82 Am. St. Rep. 216; 5 Encyc. Dig. 491, § 52. The demurrers to the bill were properly sustained.

[6] The sworn answers deny all the material allegations of the bill upon which its equity rests. The order of the court dissolving the injunction was free from error. The time allowed complainant within which to amend the bill is extended for 30 days from this date.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.