(89 South. 41)

## DORA FUEL CO. et al. v. CORDOVA COAL & MINING CO.    (6 Div. 275.)

(Supreme Court of Alabama. May 12, 1921.)

**1. Quieting title ⊗⟹35(1)—Bill held to describe interest of claimant sufficiently.**

A bill to quiet title, under Code 1907, §§ 5443–5449, which followed the language of section 5443 in describing complainant's interest in the land, by alleging that the complainant was in peaceable possession of, claiming to own it in his own right, all the coal in certain described lands, is sufficient as against demurrer that it does not show what interest complainant claims.

**2. Quieting title ⊗⟹30(2)—Bill against two claimants of interests in same property not bad for misjoinder.**

A bill to quiet title, brought against two defendants, which alleges that each of the defendants is claiming some interest in the property described, is not demurrable for misjoinder of parties on the ground that it fails to show that the claims of defendants to the property are joint.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Bill by the Cordova Coal & Mining Company against the Dora Fuel Company and the American Trust & Savings Bank, as trustee, to quiet title to certain minerals and lands. From a judgment overruling demurrers to the bill, respondents appeal. Affirmed.

The following is the bill of complaint:

(1) The complainant is a corporation organized and existing under the laws of the state of Alabama, with its principal place of business in Walker county, Alabama. The respondent Dora Fuel Company is a body corporate, with a place of business in the state of Alabama, and the American Trust & Savings Bank, trustee, is a corporation organized and existing under the laws of the state of Alabama, with its principal place of business in Jefferson county, Alabama, in the city of Birmingham.

(2) The complainant is in the peaceable possession of, claiming to own in its own right, the following described interest in lands, situate in Walker county, Alabama, to wit: All the coal in, under, and throughout the northwest quarter of the northwest quarter of section 1, and the northeast quarter of the northeast quarter of section 2, all in township 15 south, range 6 west.

(3) The defendant Dora Fuel Company and the defendant American Trust & Savings Bank, trustee, claim or are reputed to claim some right, title, or interest in, or incumbrance upon, your complainant's interest or the coal in the said lands.

(4) That there is no suit pending to enforce or test the validity of such title, claim, or incumbrance claimed or reputed to be claimed by the defendants, or either of the above-named defendants. Wherefore your complainant files this its bill of complaint in said cause, and calls upon the said Dora Fuel Company and the American Trust & Savings Bank, trustee, and each of them, to set forth and specify its title, claim, interest, and incumbrance, and how and by what instrument the same is derived or created in and to the coal in or upon the hereinbefore described land.

Premises considered, your complainant prays that your honor will take jurisdiction of this bill of complaint, and that the said Dora Fuel Company and the American Trust & Savings Bank, trustee, and each of them, be made parties respondent to this bill of complaint by appropriate process, requiring them and each of them herein to answer, plead, or demur to this its bill within the time required by law and the rules and practice of this court; that upon a final hearing of this cause your honor will enter a decree against the respondents, and each of them, declaring that said defendants, and each of them, have no estate or interest in, or incumbrance upon, the mineral interest in the lands described in the complaint, or any part thereof; and that your honor will grant complainant such other, further, and different relief as may be just and equitable in the premises.

The grounds of demurrer were:

(1) It does not sufficiently appear what interest in the property described in the bill the complainant claims.

(2) There is no equity in the said bill.

(3) It is not shown that these respondents claim any right, title, or interest in or incumbrance upon the said property or the interest claimed therein by the complainant jointly.

(4) There is a misjoinder of parties respondent.

(5) It is not shown that the respondents claim, as alleged in the bill, jointly.

Ray & Cooner, of Jasper, and John S. Stone, of Birmingham, for appellant.

The court erred in overruling demurrers to the bill and in holding that it contained equity. 135 Ala. 73, 33 South. 132; 173 Ala. 347, 56 South. 198, 35 L. R. A. (N. S.) 491; 57 South. 11; 195 Ala. 438, 70 South. 737. There was a misjoinder of parties respondent. Authorities supra.

A. F. Fite, of Jasper, and London, Yancey & Brower, of Birmingham, for appellee.

The authorities cited by appellant are without application to the present case. There was no misjoinder of parties. 125 Ala. 124, 29 South. 183, 82 Am. St. Rep. 222; 170 Ala. 324, 54 South. 114; 159 Ala. 539, 48 South. 685.

SAYRE, J. Appellee filed this bill to quiet title under chapter 127 of the Code of 1907. Appellants' demurrer was overruled.

[1] Appellee followed the language of the statute (section 5443, the first section of chapter 127) in describing its interest in the land. The averment is that—

"Complainant is in the peaceable possession of, claiming to own in its own right, the fol-

lowing described interest in lands, * * * to wit: All the coal in, under, and throughout the northwest quarter," etc.

Against appellants' demurrer, complaining that "it does not sufficiently appear what interest in the property described in the bill the complainant claims," this averment was proof.

[2] Nor were other grounds of demurrer well taken. There is no misjoinder of parties defendant apparent on the face of the bill. White v. Cotner, 170 Ala. 324, 54 South. 114. To the case made by the bill the decisions in Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 South. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692, Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 South. 198, 35 L. R. A. (N. S.) 491, and Turner v. Mobile, 135 Ala. 73, 33 South. 132, all cases dealing with the question of the jurisdiction of equity to prevent a multiplicity of suits, are inapt.

There is no error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.