# Wilkinson *v.* Brandon.

*Bill in Equity for Assignment of Dower.*

1. *Conveyance of dower right before assignment.*—A conveyance of the right to dower, before it has been allotted or assigned, is void and inoperative at law, except when made to the terre-tenant, in whose favor it operates as a release or relinquishment; but, when a valuable consideration is paid for it, and there is no proof of fraud, imposition, or undue advantage, a court of equity will protect the rights of the alienee, or of persons claiming under him, against a subsequent suit for an allotment of dower; and the fact that the entire purchase-money has not been paid, does not defeat the defense.

APPEAL from Chancery Court of Geneva.
Heard before the Hon. JOHN A. FOSTER.

STALLINGS & WILKINSON, for appellants.—The conveyance by complainant and her husband, was an abandonment of her right to dower.—*Barber v. Williams*, 74 Ala. 332; *Wallace v. Hall*, 19 Ala. 367; *Cook v. Webb*, 18 Ala. 810; *Shelton v. Carroll*. 16 Ala. 148; *Weaver v. Crenshaw*, 6 Ala. 873.

J. E. P. FLOURNOY, *contra.*

CLOPTON, J.—Mattie Brandon filed the bill, December 20, 1888, for the purpose of obtaining an assignment of dower in the lands of which her first husband, Henry T. Wilkinson, was seized and possessed at the time of his death in January, 1874; and also a homestead exemption. The assignment is resisted on the ground, that in December, 1884, complainant and her present husband, in consideration of fifteen hundred dollars, sold and conveyed all her right, title and interest in and to the real estate of her deceased husband, to W. W. Wilkinson, one of his heirs, under whom the other defendants claim. The chancellor decreed that complainant was entitled to assignment of dower, being of opinion that W. W. Wilkinson acquired no interest by the conveyance, the same having been made before dower was assigned.

A conveyance of the dower interest to a person other than the *terre-tenant*. before it is assigned, has different operation at law and in equity. The widow having no fixed, determinate ... any specific part of the land until dower is allotted,

[Wilkinson v. Brandon.]

her antecedent conveyance to a stranger passes no legal estate, and is inoperative at law; and when made to the *terre-tenant* operates in the nature of a release, or extinguishment of the right of dower. Until assigned, her right to dower is an equity, of which a court of law does not take cognizance; but, on the principle, that an assignment of a right in action, though not assignable at law, will be protected in equity, a court of equity will uphold the widow's alienation of her dower interest to a stranger, and protect the rights of the alienee, there being a valuable consideration paid, and the absence of fraud, imposition or undue advantage. Of course, the heirs are entitled in such case to have the dower assigned, so that the balance of the descended real estate may be disencumbered; but, when neither the heirs nor the alienee desire or ask it, an assignment at the instance of the widow would be useless and unnecessary, for it would enure to the benefit of her alienee. These principles were declared in *Reeves v. Brooks*, 80 Ala. 26, from which this case is not distinguishable. In that case, the fact that the complainant, Mrs. Reeves, had conveyed all her estate and interest in the lands of her deceased husband to the defendants, was held operative in equity to defeat her right to have dower allotted.

It appearing from the evidence that Wilkinson had not paid all the purchase-money, the chancellor was further of the opinion, that he could not insist upon the protection of his equitable rights, and that the principle declared in *Reeves v. Brooks* does not apply. Defendants are not appealing to the courts for aid; they ask no affirmative relief. Complainant seeks the intervention of the court, and defendants merely bring forward in bar of her asserted right a conveyance executed by her and her husband, absolute in form and terms, which is *prima facie* valid and operative in equity. The vacation of the conveyance is essential as preliminary relief. This may be done, and the dower assigned in one suit, on proper allegations and proof, that it was procured by fraud, imposition or undue advantage; also, the evidence showing that she has received nearly seven hundred dollars of the purchase-money, there should be an offer to restore it. The bill not only contains no such allegation, but makes no reference whatever to the conveyance; it comes only by way of defense; and until assailed and annulled prevents an assignment of dower for her benefit. Its effect and operation can not be defeated by proof, merely, that all the purchase-money has not been paid.

Reversed and remanded.