# Wilson *v.* Roebuck, *et al.*

*Bill by Alienee of Widow for the Allotment of Dower.*

(Decided January 23, 1913.　60 South. 870.)

1. *Dower; Right Before Assignment.*—Before assignment the widow's right to dower is an equity not cognizable in a court of law.

2. *Same; Assignment; Equity.*—Where there is no fraud, impositions or undue advantage and where a valuable consideration is paid an assignment of a widow's right to dower before its allotment to her will be upheld in equity and the rights of the assignee protected.

3. *Same; Right of Assignee.*—Where a widow, an illiterate old woman, was induced by fraud and the representation that she was not assigning away any of her interest, but only the interest of her son-in-law, to whom the loan was made, to execute a mortgage of her dower interest, the purchaser at a foreclosure sale, who participated in the fraud, could not enforce his rights in equity.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by A. E. Wilson against Martha Roebuck and others to enforce an assignment of dower and to set the same apart. From a decree dismissing the bill complainant appeals. Affirmed.

J. S. KENNEDY, for appellant. The facts show a proper case for setting apart to complainant the dower as assignee thereof.—*Reeves v. Brooks,* 80 Ala. 26; *Dixon v. Winslow,* 9 South. 260; 92 Ala. 530.

STALLINGS & DRENNEN, for appellee. The mortgage did not entitle Wilson to an allotment of dower in his own name.—*Reeves v. Brooks,* 80 Ala. 26; *Saltmarsh v. Smith,* 32 Ala. 404. The action was barred when commenced.—Section 3837, Code 1907. *Martin v. Martin,* 35 Ala. 550; 25 Cyc. 996. There was fraud, imposition and misrepresentations in procuring the assignment

[Wilson v. Roebuck, et al.]

and the court properly dismissed the bill.—*Wilkinson v. Brandon*, 92 Ala. 530.

DOWDELL, C. J.—This is a bill by the complainant, appellant here, claiming to be the equitable owner of the widow's right of dower in the lands of her deceased husband, who died in the year 1891, and seeking to have the same allotted and set apart to him, as an alienee of the widow, of her right of dower before allotment. The cause was submitted for final decree upon the pleadings and proof; and, upon the hearing and consideration thereof, the chancellor rendered a decree dismissing complainant's bill, from which said decree the present appeal is prosecuted. Pretermitting any consideration of the question of the statute of limitations raised in the case, we are of the opinion that on the merits of the case, upon a fair and full consideration of all the evidence, the decree of the chancellor should be affirmed.

"Until assigned, her [the widow's] right to dower is an equity, of which a court of law does not take cognizance; but, on the principle that an assignment of a right in action, though not assignable at law, will be protected in equity, a court of equity will uphold the widow's alienation of her dower interest to a stranger, and protect the rights of the alienee; there being a valuable consideration paid, and the absence of fraud, imposition, or undue advantage."—*Wilkinson v. Brandon*, 92 Ala. 530, 9 South. 187.

The defense of fraud, imposition, and undue advantage and no consideration paid is made by the answer to the bill. The respondent Marietta Roebuck was an illiterate old woman; could neither read nor write. The mortgage, under which complainant claims at foreclosure sale, was made to complainant's brother, and the complainant superintended the preparation and execu-

tion of the same. The mortgage was not read over to the respondent, though complainant claims that it was explained to her that it covered her dower interest in the land; and this the respondent denies, and the weight of the testimony sustains her. Neither the complainant nor his brother, the mortgagee, show that a dollar of the money claimed to have been furnished by the mortgagee was paid to this respondent, though they do claim that it went into the building of a house on the land in which the respondent's right of dower inhered. The great weight of the evidence goes to show that the loan was made to, and the house built for, one John Ford, a son-in-low of the respondent, who claimed to have an interest in the land. The weight of the evidence further shows that the respondent Marietta, when she signed the mortgage, was induced to believe, by representations made to her at the time by the complainant, that she was not signing away any right or interest of hers in the land, but was only signing away John Ford's interest, for whom the house was to be built. It would serve no good purpose to enter into a detailed statement and discussion of the evidence of the various witnesses; but the weight of the evidence, after a careful review and consideration of the same satisfies us that no consideration was paid the respondent Marietta, and that she was induced, by representations made to her as to the contents and purpose of the mortgage, to sign the same under the belief that she was not parting with any of her rights. A court of equity will not lend its aid in the enforcement of any supposed rights grounded on a transaction of such character.

The chancellor properly, upon the whole evidence, dismissed the bill, and his decree will be affirmed.

Affirmed.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.