(92 South. 455)

**DONOHOO v. SMITH et al.   (7 Div. 265.)**

(Supreme Court of Alabama.   Feb. 9, 1922. Rehearing Denied April 13, 1922.)

1. **Quieting title** ⊚═⇒23—**Complainant's possession must be undisputed.**

To maintain a bill to quiet title, under Code 1907, § 5443, complainant's possession must be peaceful and undisputed.

2. **Appeal and error** ⊚═⇒1009(1)—**Conclusion of trial court like verdict.**

Where the evidence in a suit to quiet title was ore tenus, or partly so, the conclusion of the trial court is like unto the verdict of a jury.

**On Rehearing.**

3. **Quieting title** ⊚═⇒23—**Claim of possession through attornment of complainant's tenant held a defense.**

In a bill to quiet title, the doctrine that a tenant is estopped from attorning to a stranger does not prevent defendant's claim of possession through attornment of complainant's tenant from being a valid defense, as it was sufficient to make complainant's possession a disputed or scrambling one.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill by W. F. Donohoo against M. M. Smith and others to quiet title to a certain 40 acres of land. Decree for respondents, and complainant appeals. Affirmed.

In the answer to the bill it is averred that at the time of the filing of this bill the respondents M. M. and Rena Smith were in possession of the land, that there was a sheriff's sale of the lands in controversy on June 14, 1920, at which time M. M. and Rena Smith became the purchasers, and that they served written notice on the tenant, who was in possession, and who attorned to the Smiths and agreed to pay them rent, and there was evidence from several witnesses tending to support these allegations of the answer, and there was also other evidence tending to show a disputed or scrambling possession on the part of the Smiths.

Frank B. Embry, of Pell City, for appellant.

The complainant is the equitable owner of the land, and as such entitled to maintain this action. Sections 5443 and 5445, Code 1907; 115 Ala. 582, 22 South. 87; 162 Ala. 469, 50 South. 117; 128 Ala. 579, 30 South. 60; 154 Ala. 497, 45 South. 635; 148 Ala. 164, 41 South. 856. Counsel discuss other matters as to title and fraud, not necessary to be here set out. A tenant cannot attorn to a stranger. 159 Ala. 524, 49 South. 229. The appellant was in peaceable possession. 159 Ala. 645, 49 South. 255.

Rudulph & Smith, of Birmingham, for appellees.

There was no privity of estate or contract between a lessor and the undertenant of the original lessee. 72 Ala. 401; 24 Cyc. 1183. The possession was very much disputed and contested. 176 Ala. 148, 57 South. 717. The testimony was taken ore tenus, and the finding of the court will not be disturbed, unless plainly erroneous. 205 Ala. 337, 87 South. 592; 203 Ala. 683, 85 South. 25.

ANDERSON, C. J. [1, 2] This bill was filed under section 5443 of the Code of 1907, to quiet title to certain land therein described. It has been repeatedly held by this court

---

⊚═⇒*For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes*

that, in order to maintain such a bill, the complainant must have at the time of filing same the peaceable possession, actual or constructive, as distinguished from what is termed a scrambling possession—that is, one which is disputed or contested. Cen. of Ga. R. R. v. Rouse, 176 Ala. 138, 57 South. 706, and cases there cited. There was evidence in this case showing that the complainant's possession was disputed, and that one of the respondents had previously acquired possession through the attornment of the tenant in possession, and as the evidence was ore tenus, or partly so, the conclusion of the trial court is like unto the verdict of a jury. Senior v. State, 205 Ala. 337, 87 South. 592; Ray v. Watkins, 203 Ala. 683, 85 South. 25. The decree of the circuit court must for this reason, if not other reasons, be affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

### On Rehearing.

ANDERSON, C. J. [2] In the consideration of this case we were not unmindful of the doctrine as declared in the case of Brown v. French, 159 Ala. 645, 49 South. 255, as to the duty owing the landlord by his tenant and of the fact that the former, while such, is estopped from attorning to a stranger, etc., notwithstanding said Brown Case involved an action of forcible entry, and not a bill to quiet title. In this kind of case, however, it is not a question of whether the appellee's possession was valid or whether or not the claim to same was meritorious; for, if the complainant's possession was, at the time the bill was filed, a disputed or scrambling one, he could not maintain said bill. The evidence showed that the complainant's possession, whether rightfully so or not, was questioned or disputed by one of the respondents, and not so peaceable and quiet as to authorize the maintenance of the present bill.

The application for rehearing must be overruled.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.