(108 So. 20)

**COOPER et al. v. W. P. BROWN & SONS LUMBER CO. (6 Div. 548.)**

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

1. Quieting title ⊛19—Primary purpose of statutory proceeding to quiet title is to enable owner in peaceable possession and without remedy at law to have determined adverse claims thereto (Code 1923, §§ 9906, 9908).

Primary purpose of statutory proceeding to quiet title in equity, under Code 1923, §§ 9906, 9908, is to enable owner, in peaceable possession of lands, and so cut off from remedy at law, to have determined adverse claims thereto, when no suit is pending to test such claims.

2. Quieting title ⊛50—Court acquiring jurisdiction in statutory proceeding to quiet title in equity may on proper allegations and proof grant relief which might be had in separate action at law (Code 1923, §§ 9906, 9908).

If court has acquired jurisdiction in statutory proceeding, under Code 1923, §§ 9906, 9908, to quiet title in equity, it may, on proper allegations and proof, proceed to do complete justice, including relief which might be had in separate action at law.

3. Quieting title ⊛34(1)—Bill to quiet title may, subject to rule of multifariousness, be joined with averments and prayer for other relief.

Subject to rule of multifariousness, a bill to quiet title may be joined with averments and prayer for other relief, in which case complainant may have relief on either or both aspects of bill, as evidence may warrant.

4. Quieting title ⊛41—On bill to quiet title, joined with prayer for other relief, being held multifarious on demurrer, complainant may elect by amendment aspect on which he will proceed.

If bill to quiet title, joined with prayer for other relief, is held multifarious on demurrer, complainant may elect by amendment aspect on which he will proceed.

5. Quieting title ⊛41—If sole equity of bill is statutory proceeding to quiet title, and bill is insufficient in failing to set up jurisdictional facts, demurrer to bill for want of equity must be sustained, and cause cannot be retained for incidental relief equally obtainable at law (Code 1923, §§ 9906, 9908).

If sole equity of bill on which jurisdiction of court rests is statutory proceeding to quiet

title, under Code 1923, §§ 9906, 9908, and bill is insufficient in failing to set up jurisdictional facts, demurrer to whole bill for want of equity must be sustained, and cause cannot be retained for incidental relief equally obtainable at law.

**6. Quieting title ⊚⇒35(3)—Bill showing that respondent is actually in qualified possession of property and in exercise of possessory rights carried by deed to standing timber, held to negative that peaceable possession in complainants which must be averred and proven as condition to statutory relief (Code 1923, §§ 9906, 9908).**

Bill to quiet title, under Code 1923, §§ 9906, 9908, showing that respondent is actually in qualified possession of property, and in exercise of possessory rights carried by deed to standing timber, *held* to negative that peaceable possession in complainants which must be averred and proven as condition to statutory relief.

**7. Quieting title ⊚⇒4—That bill to quiet title is filed by executors and heirs of decedent does not show diversity of interest in complainants, presenting independent equity for want of adequate legal remedy.**

That bill to quiet title is filed by executors and heirs of a decedent does not show such diversity of interest in complainant as to present independent equity for want of adequate remedy at law.

**8. Quieting title ⊚⇒50—Where bill to quiet title prays no injunctive relief to prevent continuing trespass or waste, right to an accounting does not arise as incident to bill of injunction.**

Where bill to quiet title prays no injunctive relief to prevent continuing of trespass or waste, right to an accounting does not arise as an incident to bill of injunction.

**9. Equity ⊚⇒23—Court of equity will not assume supervision over logging operations conducted by private parties under contract rights, except as it may be done by injunctive process or other equitable remedy.**

Court of equity will not assume supervision of logging operations conducted by private parties under contract rights, except as it may be done by injunctive process or other equitable remedy.

**10. Quieting title ⊚⇒4.**

Bill to quiet title as against grantees, under timber deed alleging violations of covenants, *held* without equity; remedy at law being adequate.

**11. Equity ⊚⇒247—Party, desiring to amend after demurrer going to equity of bill was sustained in term time, should ask leave to do so, and, on failing therein, court is not in error in dismissing bill.**

On demurrer going to equity of bill being sustained in term time, party desiring to amend should ask leave to do so, and, on failing therein, court is not in error in dismissing bill.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Bill in equity by Joseph H. Cooper and others, individually and as executors of the estate of Francis Cooper, deceased, and others, against the W. P. Brown & Sons Lumber Company. From a decree dismissing the bill, complainants appeal. Modified and affirmed.

W. M. Adams, of Tuscaloosa, for appellants.

The bill contains equity. Hitt Lbr. Co. v. Cullman Property Co., 66 So. 720, 189 Ala. 13; Rice v. Davidson, 89 So. 600, 206 Ala. 226; Cheney v. Nathan, 20 So. 99, 110 Ala. 254, 55 Am. St. Rep. 26; Sloss Co. v. Board, 30 So. 433, 130 Ala. 403. It is not multifarious. Sicard v. Guyllou, 41 So. 474, 147 Ala. 239; Code 1923, § 6526. The fact that relief incidental to the right to quiet title is sought does not render the bill multifarious or strip it of equity. Bledsoe v. Price, 32 So. 325, 132 Ala. 621; McDonnell v. Finch, 31 So. 594, 131 Ala. 85; Sims' Ch. Pr. §§ 20, 21; Whaley v. Wilson, 20 So. 922, 112 Ala. 631; Hutson v. Campbell, 93 So. 539, 207 Ala. 637. It was error to dismiss the bill without leave of amendment. Blackburn v. Fitzgerald, 30 So. 568, 130 Ala. 584; Stoudenmire v. De Bardelaben, 72 Ala. 300; Code 1923, § 6558.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

By reason of the averment that defendant is rightfully in possession, the bill has no equity as one to quiet title. Irwin v. Shoemaker, 85 So. 269, 204 Ala. 89; White v. Cotner, 54 So. 114, 170 Ala. 324; Sayers v. Tallassee Falls Co., 52 So. 892, 167 Ala. 553; Crabtree v. Ala. Land Co., 46 So. 450, 155 Ala. 513. This being true, there is nothing upon which to rest jurisdiction to decree the payment of damages. Pond v. Lockwood, 8 Ala. 669; Bryan v. Cowart, 21 Ala. 92. Complainants had one opportunity to amend after demurrer sustained, and refiled the same bill. No offer to amend, or request for leave to amend, was made after rendition of the decree appealed from. Hence there was no error in dismissing the bill without allowing time to amend. Whiteman v. Taber, 83 So. 595, 203 Ala. 496; Stephenson v. Atlas Coal Co., 41 So. 301, 147 Ala. 432; Merritt v. Ala. Pyrites Co., 40 So. 1028, 145 Ala. 252; Blackburn v. Fitzgerald, 30 So. 568, 130 Ala. 584; Brock v. S. & N. R. Co., 65 Ala. 79; Shackelford v. Bankhead, 72 Ala. 476.

BOULDIN, J. It is conceded by appellants in argument that the primary purpose of the bill is to quiet title to lands, and that the other relief sought is incidental. To this end the bill contains all the averments and prayer for statutory relief. Code 1923, §§ 9906, 9908.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
214 ALA.—26

The bill proceeds, however, to show that defendant company is the owner of all the merchantable timber 10 inches in diameter and up, 12 inches from the ground, standing and growing upon the lands, by virtue of a timber deed from these complainants. The deed carries the right of ingress and egress for removal of the timber for a period of seven years; the right to "construct, operate, and maintain on said lands such roads, railroads, tramways, and other highways or route of travel over and under said lands as the parties of the second part may desire or find convenient" in logging operations, and to erect sawmills, storehouses, cabins, and other buildings.

The bill then shows defendant has entered and is actively engaged in logging operations on the lands, and complains that some 600 undersized trees have been cut; that a "skidder" is being used without right under the contract; that thereby some 500 trees and saplings under 10 inches have been destroyed; that the soil is being furrowed to the injury of the roots of growing young timber; that fences have been injured in felling timber so as to interfere with pasturage, etc.

In addition to the prayer to quiet title, the bill as amended prays an accounting for damages by reason of such abuses of logging privileges, and that the cause be retained for such accounting in the future. The original bill was filed some six months before the expiration of logging rights under the deed.

[1-5] The primary purpose of our statutory proceeding to quiet title in equity is to enable the owner in peaceable possession of lands, and so cut off from a remedy at law, to have determined adverse claims thereto, when no suit is pending to test such claims. To this end any incidental relief, such as removing a cloud or other relief designed to protect the complainant in the quiet and permanent enjoyment of his property, may be had. Like other suits in equity, if the court has acquired jurisdiction for the purposes of the statutory relief, it may upon proper allegations and proof proceed to do complete justice in the premises, including relief which might be had in a separate action at law. Subject to the rule of multifariousness, a bill for statutory relief may be joined with averments and prayer for other relief. In such case on general principles of equity the complainant may have relief on either or both aspects of the bill as the evidence may warrant. If the bill be held multifarious on demurrer, complainant may elect by amendment the aspect upon which he will proceed. Sloss-Sheffield Steel & I. Co. v. Trustees, 30 So. 433, 130 Ala. 405. But, if the sole equity of the bill upon which the jurisdiction of the court rests is the statutory proceeding to quiet title, and the bill is insufficient in this regard, in failing to set up the jurisdictional facts, demurrer to the whole bill for want of equity must be sustained, and the cause cannot be retained for incidental relief equally obtainable at law.

[6] The bill before us, while containing the general averment of peaceable possession in complainants, further shows that respondent, under an admitted title to the standing timber with plenary logging rights, is actually in the qualified possession of the property and in the exercise of the possessory rights carried by the deed.

[7] The injuries for which accounting is sought are shown to have arisen in connection with an alleged abuse of the possession rightfully held by respondent. It follows that the bill, taken as a whole, negatives that peaceable possession in complainants which must be averred and proven as a condition to statutory relief. Irwin v. Shoemaker, 85 So. 269, 204 Ala. 89; Irwin v. Shoemaker, 88 So. 129, 205 Ala. 13; White v. Cotner, 54 So. 114, 170 Ala. 324. That the bill is filed by executors and heirs of a decedent does not show such diversity of interest in complainants as to present an independent equity for want of an adequate remedy at law.

[8] The bill, as amended, prays no injunctive relief to prevent continuing trespass or waste. Hence the right to an accounting does not arise as an incident to a bill of injunction. Tidwell v. H. H. Hitt Lbr. Co., 73 So. 486, 198 Ala. 236, L. R. A. 1917C, 232; Jasper Land Co. v. Manchester Sawmills, 96 So. 417, 209 Ala. 446; 40 Cyc. 523 to 525.

[9, 10] A court of equity will not assume supervision over logging operations conducted, and to be conducted, by private parties under their contract rights, save as this may be done by injunctive process or other equitable remedy. The relief sought is really a recovery of damages alleged to have accrued to these complainants by an invasion of their legal rights and in violation of duty arising from the contractual relations between the parties. The remedy at law is not shown to be inadequate.

Under what conditions the use of a skidder in logging operations may warrant an injunction or furnish ground of action in damages cannot be here determined. We cite the following authorities as bearing upon the question: Jasper Land Co. v. Manchester Sawmills, 96 So. 417, 209 Ala. 446; Rogers v. Marion County Lbr. Corp., 251 F. 876, 164 C. C. A. 92; Vosburg Co. v. Watts, 221 F. 402, 137 C. C. A. 272; Williams v. Bruton, 113 S. E. 319, 121 S. C. 30.

[11] Demurrer to the original bill was sustained with leave to amend. Several minor amendments, and finally a substituted bill, were filed. Demurrer to the bill as last amended was sustained in term time and the bill dismissed. When demurrer going to the equity of the bill is sustained in term time,

and the party desires to amend, he should ask leave so to do. Failing therein, the court is not in error in dismissing the bill.

The decree will be modified to show it is without prejudice, and, as so modified, is affirmed.

Modified and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.