170 So. 769

**SHAMBLEE v. WILSON et al.**

5 Div. 233.

Supreme Court of Alabama.

Nov. 19, 1936.

Merrill, Jones & Whiteside, of Anniston, for appellees.

BROWN, Justice.

The appellee W. C. Wilson brought the statutory action in the nature of ejectment against appellant, Shamblee, seeking to recover possession of "All of Fraction 'A' in Section 5 and all of NE-¼ of Section 6, except the N½ of NE-¼ of NE-¼, all in Township 18, Range 10, Randolph County, Alabama," and on motion of the defendant the case was transferred to the equity docket, as authorized by section 6490 of the Code, 1923.

Shamblee thereupon filed the bill in this case, bringing in as additional parties defendant, J. A. (Gus) Morgan (through whom, it is alleged, Wilson claims title) and D. D. and R. A. Perryman, partners engaged in the mercantile business under the name of Perryman Bros.

Shamblee seeks by the bill to cancel a deed, made Exhibit A to the bill, executed by the complainant and his wife to said Morgan on July 2, 1931, then an employee of the said Perryman Bros., in consideration of $1 and the satisfaction of Shamblee's claimed indebtedness to said Perryman Bros., on the ground that its execution was procured by the fraud of the respondents.

The bill also seeks, in the alternative, to reform said deed so as to omit from the description of the property therein conveyed a certain tract or tracts of land, on the ground that said tract or tracts were included with the lands intended to be conveyed through mistake of the grantors and the fraud of the respondents who procured its execution.

The bill also seeks in the alternative to settle and quiet the title to all of said lands,

Paul J. Hooton, of Roanoke, and Ed Perry, of Wedowee, for appellant.

and an accounting by Perryman Bros., for cotton and other property delivered to and disposed of by them, and for general relief.

The defendant Wilson demurred to the bill, and to said bill in its several aspects, on sundry grounds. The court sustained the general demurrer for want of equity, and grounds 2-A, to the aspect of the bill seeking cancellation, and 1-B, seeking reformation.

The bill, though its averments are prolix, is not subject to the objection that it is without equity. If, in considering the general demurrer for want of equity—interposed to the whole bill, and not to the bill in its separate aspects—and taking as true all the averments of the bill, whether well or ill pleaded, the bill states an equitable cause of action in favor of the complainant, the general demurrer is due to be overruled. McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268–271, 59 So. 567; Shannon et al. v. Long, 180 Ala. 128, 60 So. 273; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Seeberg v. Norville et al., 204 Ala. 20, 85 So. 505.

Nor is the bill as a whole subject to any of the stated grounds of demurrer directed to it as a whole.

It has been ruled here that it is permissible on the removal of a case from the law to the equity docket, under §§ 6486–6490 of the Code, for the party who becomes the mover in the equity court to bring in new parties if their presence is proper or necessary to give the court jurisdiction to grant full relief. Pickens County et al. v. Williams, Superintendent of Banks, et al., 229 Ala. 250, 156 So. 548.

The aspect of the bill seeking to cancel the deed was subject to the objection pointed out by ground 2-A of the demurrer, directed to that aspect—that the complainant did not offer to do equity. Cross et al. v. Bank of Ensley, 203 Ala. 561, 84 So. 267; Carey v. Hart, 208 Ala. 316, 94 So. 298.

The aspect of the bill seeking reformation of the deed is indefinite and uncertain in its averments as to whether complainant seeks relief as to both "Fractions A and B" or only "Fraction A," and this defect is pointed out by ground 1-B of the demurrer directed to this aspect.

The aspect of the bill seeking an accounting is subject to the objection that the complainant does not offer to do equity, a point taken by ground 5-C of the demurrer directed at the bill in that aspect.

That aspect of the bill seeking to settle and quiet the title, in the absence of an averment that the complainant was in the peaceable possession of the land at the time of filing the bill—an averment that could not well be made in the face of the pending action of ejectment—was without equity. Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675.

Every aspect of the bill being subject to some one of the stated grounds of demurrer, it was not error for the court to sustain the demurrer. Patten et al. v. Swope, 204 Ala. 169, 85 So. 513; First National Bank of Dothan v. Fountain Motor Co. et al., 227 Ala. 133, 135, 148 So. 817; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

The appellant seeks to avoid the effect of the decree on the demurrer by an attempted waiver on appeal, in brief, of the aspect of the bill seeking cancellation of the deed. This cannot be done. Complainant's remedy is by amendment of his bill in the trial court. First National Bank of Dothan v. Fountain Motor Co. et al., supra.

The gist of appellant's case seems to be stated in paragraph 9 of the bill, which undertakes to lay the foundation for reformation of the deed.

If, as some of the facts stated indicate, lands were embraced in the conveyance by mistake of the grantor, which he did not intend to convey, through the fraud practiced by Morgan as the agent of Perryman Bros., while acting for them, by misrepresentations as to the deed (its contents—Beck & Pauli Lithographing Co. v. Houppert & Worcester, 104 Ala. 503, 16 So. 522, 53 Am.St.Rep. 77), and Wilson had notice thereof, and possession of the land by complainant at the time the mortgage was executed to Wilson was sufficient to put Wilson on inquiry (Seeberg v. Norville et al., 204 Ala. 20, 85 So. 505), or, if through the joint fraud of Morgan and the other respondents, the deed conveyed lands that the complainant did not intend to convey, complainant would be entitled to have the deed reformed (Kinney v. Ensminger, 87 Ala. 340, 6 So. 72; Hand v. Cox, 164 Ala. 348, 51 So. 519). Fraud, however, cannot be pleaded as a mere conclusion, but sufficient facts must be stated to warrant the conclusion of fraud and injury.

For the reasons stated, the court did not err in sustaining the demurrer.

On timely application by complainant, no doubt, the court will extend the time for amendment of the bill as complainant may be advised.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.