8 So.2d 822

**WOOD v. CURRY et al.**

**6 Div. 951.**

Supreme Court of Alabama.

May 21, 1942.

Rehearing Denied June 30, 1942.

Basil A. Wood and John T. Batten, both of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellees.

BOULDIN, Justice.

The appeal is from a decree sustaining a demurrer to a bill in equity as amended and dismissing the bill for want of equity.

The bill as amended discloses that real estate, owned by an insane person, was assessed for taxes for the year 1932, assessable as of October 1, 1931; that the lands were sold for nonpayment of taxes in November, 1933, and purchased by the State; that thereafter, on demand of the State Tax Commission, or other representative of the State in the premises, the tenant in possession attorned to and has paid rents to the State.

John C. Curry, as State Land Commissioner, his deputy, and others acting on their behalf, were parties respondent. The person in actual possession is not made a party.

The theory of the bill, in one aspect, is that the property, not over $2,000 in value, the owner being insane, was wholly exempt from ad valorem taxes, that such exemption was self-operative, without making any claim therefor, that the assessment was void and all proceedings leading to the tax sale were void, including the order of sale; and that the certificate of sale in due form of law was void and clothed the State with no right or title.

The bill as amended further alleges the entire proceedings were void and passed no right or title upon numerous grounds upon which tax sales are held void, or ineffective to pass title.

The bill prays for an injunction restraining respondents from exercising any control over or holding possession of the property through tenants or otherwise; for the cancellation of the order of sale and cer-

tificate of purchase; for an accounting for rents, etc.

Apart from any question of exemption to an insane owner without a claim of exemptions, any question of the power and duty of a tax assessor to pass upon the sanity of one not judicially ascertained to be insane, the bill is at fault in claiming the entire property of the value of $2,000 as exempt from taxation at the time.

█ Code of 1923, § 3022 (6) exempted from taxation property of the insane "to the extent of one thousand dollars." The Act of October 7, 1932 (Acts Extra Session 1932, p. 88) amended this subdivision so as to read: "All persons who have been legally declared insane * * * to the extent of $2,000.00." This act was enacted after the close of the tax year beginning October 1, 1931, and did not enlarge the exemption here involved.

█ It follows there are unpaid taxes on this property, secured by tax liens. The bill avers no offer to pay or to redeem before suit filed. Full statutory provisions are made for ascertaining the amount of taxes due, and payment of same as a condition to recover in ejectment by the owner. Code of 1923, §§ 3096, 3102.

█ The bill is not only insufficient but negatives any basis for a statutory bill in equity to quiet title. Code of 1923, § 9905 et seq., Code 1940, Tit. 7, § 1109 et seq. While it declares the parties in possession mere trespassers, it clearly discloses an exclusive possession under claim of tax title, and seeks to oust the parties from such possession, to employ injunctive process in place of ejectment at law.

█ Nor does the bill make a case for removal of a cloud on the title. That such a bill can not be maintained by one out of possession against one in actual possession claiming title, has long been the settled law. This because of an adequate remedy at law. The lack of such adequate remedy where complainant is in possession, and another claims an interest, but brings no suit to test it, gave birth to our statute to·quiet title. Cooper et al. v. W. P. Brown & Sons Lumber Co., 214 Ala. 400, 108 So. 20.

█ Neither does the bill make a case for injunctive relief against continuous or recurring trespasses upon lands under the doctrine of Tidwell v. H. H. Hitt Lumber Co. et al., 198 Ala. 236, 73 So. 486, L.R.A.

1917C, 232, and cases applying that doctrine. The equity in such case is protection against waste, such as results from removal of standing and growing timber, deemed an irreparable injury. The possession and rental of property is not of this class.

Other questions, such as non-interference by bill in equity with the public authorities, charged with the duty of bringing in the State's revenue, or, when a suit against an official is a suit against the State, need not be considered.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.