16 So.2d 316

**TYLER v. COPHAM.**

**8 Div. 219.**

Supreme Court of Alabama.
Jan. 13, 1944.

Wm. L. Chenault, of Russellville, for appellant.

Carmichael & Polk, of Sheffield, for appellee.

LIVINGSTON, Justice.

Demurrers were sustained to the amended bill of complaint filed by Son Tyler against Frances A. Copham; and he appeals.

The bill alleges:

(2) "Delia Gurley was the mother of this complainant, and he was her only child and heir at law, and she was a widow. The said Delia Gurley owned and possessed the following described real estate, situated in Colbert County, Alabama, to-wit:

"In Block No. 363, Lots No. Nine (9), Ten (10), Eleven (11), and Twelve (12), according to the map and survey of the city of Sheffield, made by J. J. Treveres, C. E. and filed for record in the office of the Probate Judge of Colbert County, Alabama.

(3-A) "This complainant avers that his mother, the said Delia Gurley, was a very old and ignorant woman, and on to-wit, the 13th day of May, 1938, the respondent induced the said Delia Gurley to sign a deed purporting to convey to the respondent the above described real estate a copy of said deed being attached to the original bill in this cause and marked Exhibit 'A', and also made a part of this bill as amended. This complainant avers that the said real estate was at the time reasonably worth the sum of $1600.00, and that the price at which the respondent induced the said Delia Gurley to sign said deed was so grossly inadequate and such a trivial sum in comparison with the value of the property, that the same was a fraud on its face. This complainant avers that the respondent at the time she accepted said deed from the said Delia Gurley acted in bad faith and without a valuable consideration for said deed, and she had notice of the grantor's mental incapacity at the time said deed was executed, or had sufficient information and facts to charge her with notice of the mental incapacity of the said Delia Gurley at the time said deed was secured by the respondent.

(4) "This complainant avers that at the time the said conveyance was received by respondent that the said Delia Gurley, grantor herein, did not have mental capacity to execute said deed, and the same is void on account of said mental incapacity.

(5) "Complainant avers that the said Delia Gurley has recently died and left this complainant in possession of said real estate, including the house thereon, and the household and kitchen furniture owned and used by the said Delia Gurley. And this complainant further avers that by .high handed and unlawful means the respondent locked the door of said house and has taken charge of and converted to her own use all of the household furniture and kitchen goods, and other personal property in said house, and has excluded this complainant therefrom.

(6) ."This complainant avers that said respondent is guilty of trespass in locking the door of said house, and in the taking of said personal property contained therein and converting the same, and she should be held in damages to this complainant for her high handed manner and acts in taking the same.

(7) "And this complainant here and now offers to pay to the respondent all moneys by her to the said Delia Gurley paid as consideration for said deed, and places himself in the hands of the court, and offers to do equity."

The bill prays that "upon a final hearing of this cause that this court will make and enter a decree cancelling said conveyance as a cloud on the title of this complainant to said real estate, and that this court will render a judgment for the complainant for punitive damages against the respondent for trespass in the taking and conversion of the household and other personal property in said house," and for general relief.

■ Demurrers were directed to the bill as a whole. If, in any aspect, the bill states a cause of action, the demurrers addressed to it as a whole should be overruled. American-Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36; Maddox v. Hobbie, 228 Ala. 80, 152 So. 222; First National Bank v. De Jernett, 229 Ala. 564, 159 So. 73.

■ The rule is general and well recognized that when an equitable cause is presented, the court will, after granting the equitable relief, proceed to do complete equity, and to that end grant incidental relief which may be awarded at law. Bowden v. Turner, 243 Ala. 182, 8 So.2d 849, and cases cited.

 The bill is not only insufficient, but negatives any basis for a statutory bill to quiet title under Title 7, section 1109 et seq., Code of 1940. The averments of the bill show that complainant is out of possession, and possession is a statutory requirement under those sections. Wood v. Curry, 243 Ala. 136, 8 So.2d 822.

And for like reasons, the bill does not make a case for the removal of a cloud on the title. That such a bill cannot be maintained by one out of possession against one in actual possession claiming title, has long been the settled law. This because of an adequate remedy at law. Cooper et al. v. W. P. Brown & Sons Lbr. Co., 214 Ala. 400, 108 So. 20; Wood v. Curry, supra.

Nor does the bill make a case for having the deed declared void and cancelled upon the ground that the grantor therein was non compos mentis and incapable of contracting, because it appears that complainant was out of possession at the time of bringing suit; and the deed of a non compos mentis being void, the law affords a plain and adequate remedy for the recovery of the possession of the land. Wilkinson et al. v. Wilkinson et al., 129 Ala. 279, 30 So. 578; Metropolitan Life Ins. Co. v. Bramlett, 224 Ala. 473, 140 So. 752; Holmes v. Riley et al., 240 Ala. 96, 196 So. 888; White v. Hale, 234 Ala. 385, 175 So. 288; Title 9, section 41, Code of 1940.

A court of equity will set aside and cancel a deed obtained by fraud, the fraud going to the consideration and inducement only, and the instrument being voidable merely. Davidson v. Brown, 215 Ala. 205, 110 So. 384. And a bill seasonably instituted for that purpose may be maintained by the grantor, his representatives or heirs. Walling v. Thomas et al., 133 Ala. 426, 31 So. 982.

But general averments of fraud will not suffice. The constituent facts must be averred so that the court can clearly see that fraud has intervened. Hyman v. Langston, 210 Ala. 509, 98 So. 564; McDonald v. Pearson, 114 Ala. 630, 21 So. 534; Harris v. Nichols, 223 Ala. 58, 134 So. 798.

The averments of the bill are insufficient to charge the respondent with fraud in the procurement of the deed. The trial court did not err in sustaining the demurrer to the bill, and the cause is due to be, and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.