36 So.2d 309

**FREEMAN v. LEWIS.**

6 Div. 703.

Supreme Court of Alabama.

June 30, 1948.

Arthur Fite and Alton M. Blanton, both of Jasper, for appellant.

Herman J. Stewart, of Cullman, for appellee.

**LAWSON, Justice.**

This is an appeal from a decree overruling demurrer to a bill in equity. The bill was filed by appellee against appellant and the Brown Lumber Company. It does not appear that service was had upon Brown Lumber Company. It did not appear. The demurrer to the bill was filed only by the respondent (appellant), Riley Freeman.

The bill alleges in substance that complainant, Lewis, owns certain described land; that respondent, Riley Freeman, has a quitclaim deed to the land, which he secured from one A. G. Towles, under which Freeman claims to own the land "and is exercising acts of ownership over said property and has contracted to sell the timber from said lands to the respondent Brown Lumber Company and the said Respondent Brown Lumber Company is now in the act of beginning operations in cutting and sawing said timber or has cut some of said timber, the exact amount or kind is unknown to the complainant."

The bill further alleges: "The complainant is informed and believes and charges the fact to be that the said Respondent Freeman has no title to said property but that his supposed quitclaim deed is void in that the said A. G. Towles based his claim

to title from J. O. Towles whose claim was based on a supposed tax deed which was executed and the sale gone through with on the basis of a void tax assessment."

The bill calls upon the respondents to set forth "the complete chain of title upon which he [sic] relies in support of any right title or interest he [sic] may claim through and by virtue of the deed from the said A. G. Towles as above outlined and the said Respondent [sic] is requested to set forth its claim to said land, timber or any interest in either as a part of his answer to this complaint."

The prayer of the bill in pertinent part is as follows: "* * * that upon a final hearing of the pleadings and evidence in this cause that this Honorable Court will find order and decree that the said Riley Freeman has no interest in said land as a result of the said supposed quit claim deed from the said A. G. Towles and that any interest that the said Brown Lumber Company may have acquired or claims is void and that the said Respondent [sic] be required to pay for any waste or other acts of depletion of the timber, soil, or other injury to said property and that the said complainant is the owner of said property * * *."

There were grounds of the demurrer taking the point that it appears from the averments of the bill that the respondents were in possession of the property, hence the complainant had an adequate remedy at law.

In overruling the demurrer, the trial court construed the bill as one to redeem from a void tax sale and applied the rule laid down in Baker v. Farish, 244 Ala. 178, 12 So.2d 547.

■ We do not think the averments of the bill in the instant case bring it within the rule of Baker v. Farish, supra. The bill in that case alleged facts showing the invalidity of the tax sale, the effort of com-

plainant to redeem, the respondent's refusal to allow redemption or to give information as to the amount necessary to redeem. The complainant in that case paid into court for the respondent the amount believed to be necessary and prayed for enforcement of an asserted right of redemption. The bill in this case says nothing about redemption or offer to redeem, makes no tender or offer to pay, and carries no intimation that complainant has ever asserted or will ever assert a right of redemption.

We construe the averments of the bill to the effect that complainant's title is superior, and that all muniments of title through which respondents claim are void and, therefore, should be cancelled and annulled.

■ So construed, the respondents being in possession, the remedy at law in an action of ejectment offers an adequate remedy.

■ The bill is not only insufficient but negatives any basis for a statutory bill in equity to quiet title. § 1109 et seq., Title 7, Code 1940; Wood v. Curry et al., 243 Ala. 136, 8 So.2d 822. Nor does the bill make a case for removal of a cloud on the title. That such a bill cannot be maintained by one out of possession against one in actual possession claiming title has long been the settled law. This because of an adequate remedy at law. Wood v. Curry et al., supra.

We are clear to the conclusion that the bill is without equity. The demurrer was due to be sustained. The decree of the trial court overruling the demurrer is reversed and one here rendered sustaining the demurrer. The cause is remanded for further proceedings.

Reversed, rendered and remanded, with leave to amend within thirty days.

All the Justices concur.