101 So.2d 324

### G. W. PETCHER

v.

### L. V. ROUNSAVILLE, Jr., et al.

**I Div. 722.**

Supreme Court of Alabama.

March 6, 1958.

Granade & Granade, Chatom, for appellant.

Scott & Porter, Chatom, for appellees.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Washington County, in equity, overruling the demurrer of G. W. Petcher interposed to the bill filed against him by L. V. Rounsaville, Jr., Doris Rounsaville Hooper, and Mrs. B. D. Clark.

The pertinent parts of the bill, including the prayer for relief, are as follows:

"*Two*

"L. V. Rounsaville, Sr., was the father of your Complainants and died intestate while a resident of the State of Mississippi in the year, to-wit, 1925. He was survived by his widow, Mrs. L. V. Rounsaville, and by your Complainants as his sole and surviving heirs. At the time of his death the said L. V. Rounsaville owned the following described lands in Washington County, Alabama, to-wit:

"South Half of Southeast Quarter of Section 15; and Northeast Quarter of Northeast Quarter of Section 22, Township 2 North, Range 4 West.

"*Three*

"On July 25, 1938 the said Mrs. L. V. Rounsaville executed and delivered to the Respondent a deed to the surface rights to the lands described hereinabove, a copy of which deed is attached hereto as Exhibit A, being recorded in Deed Book 82 at Page 553 of the Probate Court Records of Washington County, Alabama.

"*Four*

"The Complainants admit that Mrs. L. V. Rounsaville, as the widow of the said L. V. Rounsaville, deceased, had a dower interest in the lands described hereinabove and, under the law of Alabama, had the right to sell and convey that said dower interest.

"*Five*

"During November of 1955 your Complainants learned that the Respondent was asserting fee simple title to the surface rights to the lands described above and this suit is brought for the purpose of ascertaining the value of the dower interest acquired by the Respondent by virtue of the deed hereinabove mentioned; to fix a lien on said land for the value of said dower interest; and to quiet the title to the fee simple title of said lands.

"*Six*

"Complainants allege that the Respondent has cut timber off of said lands on several occasions; that as the equitable owner of the dower interest of Mrs. L. V. Rounsaville, he had no right to commit waste; and that the value of the timber so cut and removed by him should be off-set against the value of the dower interest equitably

owned by him when so ascertained by this Court.

\*   \*   \*   \*   \*   \*

*"Prayer for relief*

"Complainants pray that on the final hearing in this cause that they be granted the following relief:

"1. That the value of the dower interest of Mrs. L. V. Rounsaville in and to the surface rights of the lands described hereinabove be ascertained and made a lien on said lands in favor of the Respondent, subject, however,

"2. To the Court ascertaining the value of the waste committed by the Respondent in cutting and removing timber from said lands and that said waste be used as an offset against said dower interest, when ascertained.

"3. Complainants pray for general relief."

Exhibit A to the bill, which was filed for record in the office of the Judge of Probate of Washington County, Alabama, on May 12, 1948, is in material parts as follows:

"This Indenture made and entered into this day by and between Mrs. L. V. Rounsaville, a widow, Party of the First Part, and G. W. Petcher, Party of the Second Part.

——Witnesseth——

"That the said Party of the First Part for and in consideration of one dollar and other valuable considerations paid by the Party of the Second Part, the receipt of which is hereby acknowledged, the said Party of the First Part does by these presents grant, bargain, sell and convey unto the said Party of the Second part the following described lands to-wit:

"South half of Southeast quarter (S ½ of SE ¼) Section 15; Northeast quarter of Northeast quarter (NE ¼ of NE ¼) Section 22, Township 2 North, Range 4 West, Washington County, Alabama.

"The said party of the First Part reserves and retains from this conveyance all of the oil, gas and minerals on, in and under the above described lands, together with all right of ingress and egress to, over and across said land necessary or convenient for the purpose of drilling, mining and removing said oil, gas and minerals, also all rights necessary or convenient to place the necessary structures on said land for said purpose, together with the right to use the necessary facilities to remove said oil, gas and minerals.

"In Witness Whereof, the Party of the First Part has executed this instrument on this the 25 day of July, 1938.

"Mrs. L. V. Rounsaville"

■ In Paragraph Five of the bill it is averred in effect that one of the purposes of the bill is "to quiet the title to the fee simple title of said lands." But the bill does not contain certain of the averments which are required in a statutory bill to quiet title. § 1110, Title 7, Code 1940. It fails to show peaceable possession in the complainants. Freeman v. Lewis, 251 Ala. 75, 36 So.2d 309; Shamblee v. Wilson, 233 Ala. 164, 170 So. 769; Federal Land Bank of New Orleans v. Vinson, 246 Ala. 95, 18 So.2d 865, and cases cited. A statutory bill to quiet title should contain averments going to show that there is no suit pending to enforce or test validity of the title, claim or encumbrance. Grayson v. Roberts, 229 Ala. 245, 156 So. 552; Watson v. Baker, 228 Ala. 652, 154 So. 788. No such averments are contained in the instant bill.

The bill does not call upon respondent "to set forth and specify his title, claim, interest, or encumbrance." Watson v. Baker, supra [228 Ala. 652, 154 So. 790].

■ It does not seem that appellees take the position that the bill makes out a case for an accounting in equity. We point out, however, that it is insufficient if such was the intention of complainants. If the complainants are entitled to be compensated by the respondent for the cutting and removing of timber from the suit property, the bill contains no averment showing that

they do not have a plain and adequate remedy at law in that respect. See Segrest v. Brown, 263 Ala. 342, 82 So.2d 432.

In brief filed here on behalf of appellees it is said: "The bill in this instance proceeds on the theory that the wife has a dower interest in all real estate owned by her deceased husband; that a conveyance of a dower right will not support adverse possession except after the expiration of 20 years; that the value of the dower right of Mrs. Rounsaville now owned by Mr. Petcher can be ascertained by an Equity Court." The only case cited in support of that statement, in fact the only case cited in the brief of appellees, is Decker v. Decker, 253 Ala. 345, 44 So.2d 435, which in pertinent part reads as follows:

"It is a settled rule that after the death of the husband and before assignment, while dower is not an interest or estate in realty, it is assignable by way of extinguishing release to the heirs or terre-tenants.—American Equitable Assurance Co. of New York v. Powderly Coal & Lumber Co., 221 Ala. 280(4), 128 So. 225; Francis v. Sandlin, 150 Ala. 583, 43 So. 829.

"And though the widow's right of dower, until assigned, is an equity of which a court of law does not take cognizance, yet 'on the principle that an assignment of a right of action, though not assignable at law, will be protected in equity, a court of equity will uphold the widow's alienation of her dower interest to a stranger, and protect the rights of the alienee, there being a valuable consideration paid, and the absence of fraud, imposition or undue advantage.' Wilkinson v. Brandon, 92 Ala. 530, 9 So. 187, 188; Wilson v. Roebuck, 180 Ala. 288, 60 So. 870; Lester v. Stroud, 212 Ala. 635, 103 So. 692." 253 Ala. 348, 44 So.2d 437.

Conceding without deciding that the deed from Mrs. Rounsaville to the respondent operated to alienate her dower interest in the surface rights of the property therein described, it could not affect her dower interest in the "oil, gas and minerals on, in and under" those lands. Hence, Mrs. Rounsaville, if living, is in our opinion a necessary party to this proceeding if it be considered as one which has for its purpose the ascertainment of her dower interest in the suit property. 28 C.J.S. Dower § 91. See Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623. The rule is that all persons having a material interest in the litigation or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby are necessary parties. Courington v. Kilgore, 264 Ala. 23, 84 So.2d 646

So if the bill be construed as showing that Mrs. Rounsaville was living at the time the bill in this case was filed, then the ground of the demurrer taking the point that she was a necessary party should have been sustained. On the other hand, if Mrs. Rounsaville was not living at the time the bill was filed, then in so far as the bill sought to have her dower interest ascertained it is without equity and the ground of the demurrer taking that point should have been sustained. See 28 C.J.S. Dower § 71.

The decree of the trial court overruling the demurrer is reversed and one here rendered sustaining the demurrer. The cause is remanded for further proceedings.

Reversed, rendered and remanded, with leave to appellees to amend within thirty days from the date on which the decree of this court reaches the Register of the Circuit Court of Washington County.

SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.