228 So.2d 820

**CITY OF MONTGOMERY**

v.

**Celia BROWN.**

**3 Div. 261.**

Supreme Court of Alabama.

Sept. 4, 1969.

Rehearing Denied Dec. 11, 1969.

Horace Perry, and Walter J. Knabe, Montgomery, for appellant.

Frank W. Riggs, III, Montgomery, for appellee.

LAWSON, Justice.

The subject matter of this litigation is a seventy-eight-acre tract of land to which one Sidney Hall had record title at the time of his death in September, 1911. In his will Hall devised the subject property to his sister, Olivia S. Ledyard.

On June 30, 1960, Celia Brown filed a bill in the Circuit Court of Montgomery County, in Equity, against the City of Montgomery.

The pertinent provisions of the stating part of the bill read:

"(3) For a period of time prior to the death of said Sidney Hall, complainant was in open, hostile, notorious, and adverse possession of the aforesaid real estate, claiming to own said real estate in her own right. Complainant's said adverse possession of said land continued after the death of Sidney Hall and was continuous uninterrupted, peaceable and adverse for a period of forty-seven years, until, to wit, October 19, 1957, when respondent acting by and through its duly authorized agents, servants or employees, who were then and there acting within the line and scope of their authority, coerced the tenant of complainant who was in possession of said property under and by virtue of a lease contract with complainant to pay to respondent the rent upon said property. Complainant avers that respondent has continued to collect the rent on said property and is now collecting said rent.

"(4) Respondent claims title to the said real estate by virtue of deed, dated November 5, 1927, from Olivia S. Ledyard to the City of Montgomery, Alabama. Said deed was filed for record in the Office of the Judge of Probate of Montgomery County, Alabama on December 20, 1928 and appears of record in said Probate Office in Deed Book 153, at page 487. On the date of execution of said deed, complainant had been in continuous, uninterrupted, peaceable, open and notorious possession of said real estate, claiming to own same in her own right, for a period of seventeen years from the year, to wit, 1911. Respondent made no attempt to obtain possession of said real estate at said time, and complainant remained in continuous, uninterrupted, peaceable, open and notorious possession of said real estate, claiming to own same in her own right, for a period of twenty-nine additional years until the occurrence of the events described in Paragraph 3 above.

"(5) Complainant avers that many years prior to 1957, she had perfected title in herself to said real estate by adverse possession and that the interference by respondent with complainant's possession of said real estate was unwarranted and unlawful."

Aside from the prayer for process, the prayer of the bill reads:

"* * * complainant most respectfully prays that Your Honors will make and enter a decree as follows:

"(1) Quieting title to the aforedescribed real estate in your complainant.

"(2) Requiring respondent to account to complainant for all sums received by respondent as rental on the aforedescribed real estate.

"(3) Enjoining respondent from further interference with the title to and possession of said real estate by complainant.

"(4) And complainant prays for such other, further, different, and general relief as to which she may be entitled under the circumstances."

On July 25, 1960, the respondent filed the general demurrer, "There is no equity in said bill of complaint."

Celia Brown died on or about October 16, 1960, and on October 13, 1961, the cause was revived "in the names of Sadie B. Hinson, Myrtle B. Livingston, Stella M. McCall, Sidney A. Brown, Joyce Brown and Owen Brown as complainants."

On August 31, 1962, the respondent, the City of Montgomery, amended its demurrer by adding two grounds.

Respondent's demurrer was overruled on November 16, 1962, by the late Judge Walter B. Jones. Respondent filed its answer on November 19, 1962.

The cause came on for trial before Judge Richard P. Emmet on September 1, 1966. Judge Emmet on September 26, 1966, rendered a decree in favor of the persons in whose names the cause was revived. The decree of September 26, 1966, contained the following provision:

"(6) That Respondent is directed to report to this Court within ten days from date of this decree, the amount of money collected by it as rent upon said real property so that a further order may be made entering judgment in favor of Complainants and against Respondent for such amount, jurisdiction of this cause

being expressly retained for that purpose."

On October 6, 1966, the respondent, the City of Montgomery, filed its report showing that it had received rents for the subject property in the amount of $900.

On October 14, 1966, Judge Emmet rendered a decree in favor of complainants against the respondent in the amount of $900.

The respondent, the City of Montgomery, has appealed to this court from the decree of September 26, 1966, and from the decree of October 14, 1966.

The appellant argues its Assignment of Error No. 1, which reads: "The Court erred in overruling Respondent's demurrer."

The ground of the demurrer, "There is no equity in said bill of complaint," argued by the appellant is, of course, a general demurrer.

A general demurrer is available in equity practice. Rule 14, Equity Practice, Title 7, Appendix, Code 1940; Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69; Southeastern Sand & Gravel Co. v. Newell Roadbuilders, Inc., 282 Ala. 431, 212 So. 2d 598.

But a general demurrer, in equity, tests only defects in substance and all proper amendments are considered to have been made. Titus v. Nieheiser, 269 Ala. 493, 114 So.2d 242.

If the sole equity of the bill rests in the statutory proceeding to quiet title, then the trial court erred in overruling the general demurrer, "There is no equity in the bill." Sections 1109 and 1110, Title 7, Code 1940, read:

"§ 1109. When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title there-

to, or any part thereof, is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit is pending to enforce or test the validity of such title, claim or encumbrance, such person or his personal representative or guardian, so in possession, may bring and maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same.

"§ 1110. The bill authorized by the preceding section must describe the lands with certainty, must allege the possession and ownership of the complainant, and that the defendant claims or is reputed to claim some right, title, or interest in or incumbrance upon such lands, and must call upon him to set forth and specify his title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created."

■ The bill filed in this cause fails to aver that there was no suit pending in regard to the subject property, which was necessary to give the bill equity in so far as it seeks under the provisions of § 1109 et seq., Code 1940, Title 7, to have the title quieted to the subject property. Corona Coal & Iron Co. v. Swindle, 152 Ala. 413, 44 So. 549; Grayson v. Roberts, 229 Ala. 245, 156 So. 552; Parker v. Boutwell & Son, 119 Ala. 297, 24 So. 860; Petcher v. Rounsaville, 267 Ala. 237, 101 So.2d 324.

The bill in this case in so far as it seeks to quiet title to the subject property under the provisions of § 1109 et seq., Title 7, Code 1940, fails to aver that at the time of the filing of the bill the complainant was in the peaceable possession of the subject property, actual or constructive. Donohoo v. Smith, 207 Ala. 296, 92 So. 455. The apparent contrary holding in Powell v. City of Birmingham, 258 Ala. 159, 61 So. 2d 11, is overruled.

It has been held by this court that, in order to maintain such a bill, the complainant must allege that at the time of filing same he was in the peaceable possession, actual or constructive, of the property, the title to which complainant seeks to have quieted. Donohoo v. Smith, supra; Screws v. Heard, 217 Ala. 14, 114 So. 360; Wood v. Curry, 243 Ala. 136, 8 So.2d 822; Petcher v. Rounsaville, 267 Ala. 237, 101 So.2d 324; Shamblee v. Wilson, 233 Ala. 164, 170 So. 769.

■ The failure of the bill in so far as it seeks to quiet title to allege peaceable possession in complainant was a defect going to the substance of the bill and could be raised by general demurrer. White v. Cotner, 170 Ala. 324, 54 So. 114; Cooper v. W. P. Brown & Sons Lumber Co., 214 Ala. 400, 108 So. 20; Adams v. Woods, 263 Ala. 381, 82 So.2d 531.

■ Nor does the bill make a case for removal of a cloud on the title. That such a bill cannot be maintained by one out of possession against one in possession claiming title has long been the settled law. This because of an adequate remedy at law. Freeman v. Lewis, 251 Ala. 75, 36 So.2d 309; Wood v. Curry, supra; Tyler v. Copham, 245 Ala. 151, 16 So.2d 316.

■ On demurrer the bill must be construed most strongly against the complainant. State v. Aluminum Ore Co., 263 Ala. 422, 82 So.2d 800. When so construed, it is our opinion that the averments of the bill show that complainant was out of possession at the time the suit was filed and that the respondent, to whom the tenant was attorning at that time, was in possession. The averment that the agents, servants or employees of respondent "coerced the tenant of complainant who was in possession of said property under and by virtue of a lease contract with complainant to pay respondent the rent upon said property" does not alter the situation. In Tyler v. Copham, *supra*, we held the bill insufficient to make out a case for the removal of a cloud on title although the bill contained the following averments:

**68**

" 'Complainant avers that the said Delia Gurley has recently died and left this complainant in possession of said real estate, including the house thereon, and the household and kitchen furniture owned and used by the said Delia Gurley. And this complainant further avers that by high handed and unlawful means the respondent locked the door of said house and has taken charge of and converted to her own use all of the household furniture and kitchen goods, and other personal property in said house, and has excluded this complainant therefrom.

" 'This complainant avers that said respondent is guilty of trespass in locking the door of said house, and in the taking of said personal property contained therein and converting the same, and she should be held in damages to this complainant for her high handed manner and acts in taking the same.' " (245 Ala., 152, 16 So.2d 317)

In Hobson v. Robertson, 224 Ala. 49, 138 So. 548, we said that in order to maintain a bill to remove a cloud on title, possession, actual or constructive, is essential and must be definitely and unequivocally averred.

The absence of such averments is, therefore, a defect of substance which was reached by the general demurrer to the bill. See Montgomery v. Alabama Power Co., 250 Ala. 441, 34 So.2d 573.

Since the bill is insufficient as a bill to quiet title and does not make a case for removal of a cloud on the title, it does not state a case for the relief prayed for in special prayers 2 and 3.

The decree of the trial court overruling the demurrer is reversed and one here rendered sustaining the demurrer. The cause is remanded for further proceedings.

Reversed, rendered and remanded, with leave to amend within thirty days from the date on which the decree of this court reaches the Register of the Circuit Court of Montgomery County.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and MERRILL, COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.